# U.S. District Court
## District of Nebraska (4 Lincoln)
## CRIMINAL DOCKET FOR CASE #: 4:19–cr–03126–RGK–CRZ All Defendants
### *Internal Use Only*

Case title: USA v. Miller
Magistrate judge case number: 4:19–mj–03123–CRZ

Date Filed: 11/12/2019
Date Terminated: 10/19/2020

---

Assigned to: Senior Judge Richard G. Kopf
Referred to: Magistrate Judge Cheryl R. Zwart

Appeals court case number: 20–3316 USCA 8th Circuit

**Defendant (1)**

| | | |
|---|---|---|
| **Titus J. Miller**<br>*TERMINATED: 10/19/2020* | represented by | **David R. Stickman**<br>FEDERAL PUBLIC DEFENDER'S OFFICE – OMAHA<br>One Central Park Plaza<br>222 South 15th Street<br>Suite 300N<br>Omaha, NE 68102<br>(402) 221–7896<br>Fax: (402) 221–7884<br>Email: david_stickman@fd.org<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br><br>**John C. Vanderslice**<br>FEDERAL PUBLIC DEFENDER'S OFFICE – LINCOLN<br>100 Centennial Mall North<br>112 Federal Building<br>Lincoln, NE 68508<br>(855) 664–9214<br>Fax: (402) 221–7827<br>Email: john_vanderslice@fd.org<br>*TERMINATED: 03/19/2020*<br>*Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY (1) | Defendant pleaded guilty to counts I, II, III, IV, & V of the Indictment and is hereby committed to the custody of the Bureau of Prisons for a term of 240 months on each counts I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years); a Life term of supervised release with special conditions; $50,000 AVAA assessment; and a $500.00 special assessment. |
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY (2) | Defendant pleaded guilty to counts I, II, III, IV, & V of the Indictment and is hereby committed to the custody of the Bureau of Prisons for a term of 240 months on each counts I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years); a Life term of supervised release with special conditions; $50,000 AVAA assessment; and a $500.00 special assessment. |
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY (3) | Defendant pleaded guilty to counts I, II, III, IV, & V of the Indictment and is hereby committed to the custody of the Bureau of Prisons for a term of 240 months on each counts I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years); a Life term of supervised release with special conditions; $50,000 AVAA assessment; and a $500.00 special assessment. |
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY (4) | Defendant pleaded guilty to counts I, II, III, IV, & V of the Indictment and is hereby committed to the custody of the Bureau of Prisons for a term of 240 months on each counts I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years); a Life term of supervised release with special conditions; $50,000 AVAA assessment; and a $500.00 special assessment. |
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY (5) | Defendant pleaded guilty to counts I, II, III, IV, & V of the Indictment and is hereby committed to the custody of the Bureau of Prisons for a term of 240 months on each counts I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years); a Life term of supervised release with special conditions; $50,000 AVAA assessment; and a $500.00 special assessment. |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:2252A(a)(2) DISTRIBUTION OF CHILD PORNOGRAPHY (6–7) | Counts VI & VII are dismissed on the motion of the United States. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| (Count 1) 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY; (Count 2) 18:2252A(a)(5)(B) DISTRIBUTION OF CHILD PORNOGRAPHY | |

**Plaintiff**

| USA | represented by | Steven A. Russell |
|---|---|---|

<div style="margin-left:2em">

U.S. ATTORNEY'S OFFICE – LINCOLN
100 Centennial Mall North
Suite 487, Federal Building
Lincoln, NE 68508–3865
(402) 437–5241
Fax: (402) 437–5390
Email: steve.russell@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Tessie L. Smith**
U.S. ATTORNEY'S OFFICE – LINCOLN
100 Centennial Mall North
Suite 487, Federal Building
Lincoln, NE 68508–3865
(402) 437–5399
Email: tessie.smith@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

</div>

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/22/2019 | 1 | | COMPLAINT signed by Magistrate Judge Cheryl R. Zwart as to defendant Titus J. Miller. (Attachments: |

| | | | |
|---|---|---|---|
| | | | # <u>1</u> RESTRICTED Affidavit) ACCESS TO THE PDF ATTACHMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). (JAB) Modified on 10/23/2019 to unseal per Notice <u>4</u> . (JAB) [4:19–mj–03123–CRZ] (Entered: 10/22/2019) |
| 10/22/2019 | <u>2</u> | | CRIMINAL COVER SHEET as to defendant Titus J. Miller. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/22/2019) |
| 10/22/2019 | <u>3</u> | | *SEALED* ARREST WARRANT ISSUED (COPY) as to defendant Titus J. Miller. THIS DOCKET ENTRY AND PDF DOCUMENT ARE SEALED PURSUANT TO AN ORDER OF THE COURT AND/OR LEGAL AUTHORITY GOVERNING SEALED FILINGS. ACCESS IS LIMITED ONLY TO THE COURT. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/22/2019) |
| 10/22/2019 | | | Remark – Public: Case filed under seal on 10/22/2019 and unsealed on 10/23/2019 pursuant to memorandum as to defendant Titus J. Miller. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | <u>4</u> | | NOTICE (MEMORANDUM) TO UNSEAL MAGISTRATE CASE by Attorney Steven A. Russell as to defendant Titus J. Miller. Unseal the Magistrate Case but the underlying Complaint and Affidavit should remain restricted to case participants. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | 5 | | TEXT ORDER SETTING HEARING as to defendant Titus J. Miller. **Initial Appearance set for 10/23/2019 at 02:15 PM** in Courtroom 2, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | <u>6</u> | | *SEALED* SEALED PRETRIAL SERVICES REPORT as to defendant Titus J. Miller. THIS DOCKET ENTRY AND PDF DOCUMENT ARE SEALED PURSUANT TO AN ORDER OF THE COURT AND/OR LEGAL AUTHORITY GOVERNING SEALED FILINGS. ACCESS IS LIMITED ONLY TO THE COURT. (KAE) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | 7 | | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge Cheryl R. Zwart in Lincoln on 10/23/2019 as to defendant Titus J. Miller. Initial Appearance on Complaint held. Appointment of counsel requested. Court appoints Federal Public Defender to represent defendant. Rights given. Government moves for detention. Detention hearing held. Court takes judicial notice of affidavit attached to Complaint <u>1</u> and Pretrial Services Report <u>6</u> . Argument by both parties. Government's oral motion for detention is granted. Court finds defendant is a risk of harm to the public if released. Defendant requests preliminary hearing. **Preliminary Hearing set 11/13/2019 at 3:30 PM** in Courtroom 2, Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. Defendant remanded to custody of the U.S. Marshal to be detained pending further order of the court. Written order for detention forthcoming. Appearance for Plaintiff: Steven A. Russell; For Defendant: John C. Vanderslice, FPD. Courtroom Deputy: Jeri A. Bierbower. Reporter: Digital Recorder. Time |

| | | | |
|---|---|---|---|
| | | | Start: 2:16 PM; Time Stop: 2:21 PM; Time in Court: 5 Minutes. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | 8 | | AUDIO FILE. Audio as to Defendant (1) Titus J. Miller. Court Date & Time [ 10/23/2019 2:16:14 PM ]. File Size [ 1139 KB ]. Run Time [ 00:04:45 ]. (Initial Appearance). (auto–docket). [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | 9 | | *SEALED* SEALED CJA 23 Financial Affidavit by Titus J. Miller. THIS DOCKET ENTRY AND PDF DOCUMENT ARE SEALED PURSUANT TO AN ORDER OF THE COURT AND/OR LEGAL AUTHORITY GOVERNING SEALED FILINGS. ACCESS IS LIMITED ONLY TO THE COURT. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | 10 | | ORDER APPOINTING COUNSEL – The Federal Public Defender for the District of Nebraska is appointed to represent the defendant in this matter as to defendant Titus J. Miller. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | 11 | | ORDER of Detention pending hearing as to defendant Titus J. Miller. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 10/23/2019 | 12 | | NOTICE OF ATTORNEY APPEARANCE by Attorney John C. Vanderslice as to defendant(s) Titus J. Miller. (Vanderslice, John) [4:19–mj–03123–CRZ] (Entered: 10/23/2019) |
| 11/12/2019 | 13 | | PART 1 OF 2 – INDICTMENT with foreperson's signature redacted pursuant to the E–Government Act as to defendant Titus J. Miller. (LAC) Modified on 11/13/2019 to remove sealed (LAC). (Entered: 11/13/2019) |
| 11/12/2019 | 14 | | PART 2 OF 2 – FOREPERSON'S SIGNATURE PAGE regarding Indictment 13 as to defendant Titus J. Miller. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(e). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. (LAC) (Entered: 11/13/2019) |
| 11/12/2019 | 15 | | STRICKEN – CRIMINAL COVER SHEET as to defendant Titus J. Miller. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. (LAC) Modified on 11/13/2019 to strike per #18 Order (LAC). (Entered: 11/13/2019) |
| 11/12/2019 | 17 | | CRIMINAL COVER SHEET as to defendant Titus J. Miller. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. (LAC) (Entered: 11/13/2019) |
| 11/13/2019 | 16 | | NOTICE (MEMORANDUM) TO UNSEAL CRIMINAL CASE by Attorney Steven A. Russell as to defendant Titus J. Miller. (LAC) (Entered: 11/13/2019) |
| 11/13/2019 | 18 | | |

| | | | |
|---|---|---|---|
| | | | TEXT STRIKE ORDER that Pursuant to NEGenR 1.3(a)(4), the Criminal Cover Sheet, 15 is stricken for the following reason(s): Incorrect PDF. Ordered by Chief Judge John M. Gerrard. (LAC) (Entered: 11/13/2019) |
| 11/13/2019 | 19 | | AMENDED CRIMINAL COVER SHEET. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. by Attorney Steven A. Russell as to defendant(s) Titus J. Miller. (Russell, Steven) (Entered: 11/13/2019) |
| 11/13/2019 | 20 | | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge Cheryl R. Zwart in Lincoln on 11/13/2019 as to defendant Titus J. Miller. Defendant has seen a copy of the Indictment. Arraignment on Indictment held. Rights reviewed. Counsel previously appointed in case 4:19mj3123 and remains appointed. Not guilty plea entered to all counts. Counsel to complete discovery by 12/13/2019. Court finds case is complex and therefore exempt from the requirements of the Speedy Trial Act. **Status Conference set for 1/13/2020 at 12:45 PM** in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. Detention previously addressed, no reason to readdress. Defendant remanded to the custody of the U.S. Marshal to be detained pending further order of the court. Appearance for Plaintiff: Steven A. Russell and Tessie L. Smith; For Defendant: John C. Vanderslice, FPD. Courtroom Deputy: Jeri A. Bierbower. Reporter: Digital Recorder. Time Start: 3:43 PM; Time Stop: 3:50 PM; Time in Court: 7 Minutes. (JAB) (Entered: 11/13/2019) |
| 11/13/2019 | 21 | | AUDIO FILE. Audio as to Defendant (1) Titus J. Miller. Court Date & Time [ 11/13/2019 3:43:31 PM ]. File Size [ 1504 KB ]. Run Time [ 00:06:16 ]. (JMG191113154331). (auto–docket). (Entered: 11/13/2019) |
| 11/13/2019 | 22 | | ORDER FOR PROGRESSION OF A COMPLEX CASE as to defendant Titus J. Miller. Discovery to be completed within 30 days. **Status Hearing set for 1/13/2020 at 12:45 PM** in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. Upon representation of counsel, due to the volume of the record, this court designates this case as a complex case and exempts it from the provisions in the Speedy Trial Act. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 11/13/2019) |
| 12/16/2019 | 23 | | MOTION to Extend *Discovery Deadline* by Attorney Steven A. Russell as to defendant(s) Titus J. Miller. (Russell, Steven) (Entered: 12/16/2019) |
| 12/17/2019 | 24 | | ORDER that the government's motion, (Filing No. 23 ), is granted, and its deadline for accomplishing discovery in accordance with NECrimR 16.1 and Fed. R. Crim. P. 16 is extended to December 30, 2019 as to defendant Titus J. Miller. Ordered by Magistrate Judge Cheryl R. Zwart. (LAC) (Entered: 12/17/2019) |
| 12/26/2019 | 25 | | TEXT ORDER RESCHEDULING HEARING as to defendant Titus J. Miller. On the court's own motion, and without objection by the parties, the **Status Conference is reset for 1/22/2020 at 01:00 PM in Courtroom 1**, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. This case remains a complex case and the time between today and 1/22/2020 is exempt from the provisions in the Speedy Trial Act. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 12/26/2019) |

| 01/13/2020 | 26 | | TEXT ORAL MOTION – to continue status conference by Attorney John C. Vanderslice as to defendant Titus J. Miller. (JAB) (Entered: 01/13/2020) |
|---|---|---|---|
| 01/13/2020 | 27 | | ORDER granting 26 Defendant's unopposed Oral Motion as to Titus J. Miller (1). **Status Conference continued to 2/13/2020 at 03:00 PM in Courtroom 1**, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. The time between today's date and February 13, 2020 shall be excluded for speedy trial calculation purposes. Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 01/13/2020) |
| 02/07/2020 | 28 | | TEXT UNOPPOSED ORAL MOTION – to continue status conference by Attorney John C. Vanderslice as to defendant Titus J. Miller. (JAB) (Entered: 02/07/2020) |
| 02/07/2020 | 29 | | ORDER granting 28 Defendant's unopposed Oral Motion as to Titus J. Miller. **Status Conference continued to 3/4/2020 at 01:00 PM** in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. The time between today's date and March 4, 2020 is excluded in any computation of time under the Speedy Trial Act because this case remains "unusual and complex," and is exempted from the time restrictions of that Act, 18 U.S.C. 3161(h)(7)(B)(ii). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 02/07/2020) |
| 03/02/2020 | 30 | | WAIVER OF PERSONAL APPEARANCE at status hearing and ORDER as to defendant Titus J. Miller. The defendant's waiver is hereby accepted and his personal appearance at the status conference set for March 4, 2020, at 1:00 p.m. is excused. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 03/02/2020) |
| 03/04/2020 | 31 | | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge Cheryl R. Zwart in Lincoln on 3/4/2020 as to defendant Titus J. Miller. Defendant excused from the hearing at his request. Status hearing held. Defense counsel's oral motion to set case for trial is granted. 7–day **Jury Trial set for 5/11/2020 at 9:00 AM** in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Senior Judge Richard G. Kopf. Appearance for Plaintiff: Steven A. Russell; for Defendant: John C. Vanderslice, FPD; Courtroom Deputy: Jeri Bierbower; Court Reporter: digital. Time Start: 1:06 PM; Time Stop: 1:09 PM; Time in Court: 3 Minutes. (JAB) (Entered: 03/04/2020) |
| 03/04/2020 | 32 | | AUDIO FILE. Audio as to Defendant (1) Titus J. Miller. Court Date & Time [ 3/4/2020 1:06:53 PM ]. File Size [ 319 KB ]. Run Time [ 00:01:20 ]. (Status hearing). (auto–docket). (Entered: 03/04/2020) |
| 03/04/2020 | 33 | | ORDER SETTING TRIAL as to defendant Titus J. Miller. **7–day Jury Trial set for 5/11/2020 at 09:00 AM** in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Senior Judge Richard G. Kopf. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 03/04/2020) |
| 03/18/2020 | 34 | | NOTICE of *Substitution of Counsel* by Attorney David R. Stickman as to defendant(s) Titus J. Miller. (Stickman, David) (Entered: 03/18/2020) |

| 04/24/2020 | 35 | | TEXT ORDER SETTING HEARING as to defendant Titus J. Miller. **Status Conference set for 4/27/2020 at 10:00 AM by Telephone** before Magistrate Judge Cheryl R. Zwart. Conference instructions have been e–mailed to counsel. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 04/24/2020) |
|---|---|---|---|
| 04/27/2020 | 36 | | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge Cheryl R. Zwart on 4/27/2020 as to defendant Titus J. Miller. Status hearing held by telephone. Defense counsel is new to the case and requests more time to review discovery and to continue trial. No objection by Government. Defendant's oral motions are granted. Trial is continued pending further order of the court. **Status hearing set for 6/30/2020 at 2:00 PM** in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. Defendant's oral waiver of speedy trial is accepted. Time between today's date and June 30, 2020 is excluded for purposes of computing the limits under the Speedy Trial Act. Appearance for Plaintiff: Steven A. Russell; for Defendant: David R. Stickman, FPD; Courtroom Deputy: Jeri Bierbower; Court Reporter: digital. Time Start: 10:00 AM; Time Stop: 10:05 AM; Time in Court: 5 Minutes. (JAB) (Entered: 04/27/2020) |
| 04/27/2020 | 37 | | TEXT UNOPPOSED ORAL MOTION – to continue trial by Attorney David R. Stickman as to defendant Titus J. Miller. (JAB) (Entered: 04/27/2020) |
| 04/27/2020 | 38 | | AUDIO FILE. Audio as to Defendant (1) Titus J. Miller. Court Date & Time [ 4/27/2020 10:00:28 AM ]. File Size [ 1056 KB ]. Run Time [ 00:04:24 ]. (Telephone Conference). (auto–docket). (Entered: 04/27/2020) |
| 04/27/2020 | 39 | | ORDER as to defendant Titus J. Miller (1).<br>1) Defendant's unopposed oral motion to continue (Filing No. 37), is granted.<br>2) The trial of this case is continued pending further order of the court.<br>3) A **Status Conference is set for 6/30/2020 at 02:00 PM** in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. Defendant, defense counsel, and counsel for the government shall be present at the conference.<br>4) The ends of justice and public health considerations served by continuing the trial outweigh the interests of the public and the defendant in a speedy trial, and the time between today's date and June 30, 2020, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act.<br>Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 04/27/2020) |
| 06/30/2020 | 40 | | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge Cheryl R. Zwart in Lincoln on 6/30/2020 as to defendant Titus J. Miller. Status hearing held. Defendant's oral motion to set case for a change of plea is granted. **Change of Plea Hearing set for 7/15/2020 at 11:00 AM in Courtroom 1,** Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. Defendant remanded to the custody of the U.S. Marshal to be detained pending further order of the court. Appearance for Plaintiff: Steven A. Russell; for Defendant: David R. Stickman, FPD; Courtroom Deputy: Jeri Bierbower; Court Reporter: digital. Time Start: 2:04 PM; Time Stop: 2:06 PM; Time in Court: 3 Minutes. (JAB) (Entered: 06/30/2020) |
| 06/30/2020 | 41 | | AUDIO FILE. Audio as to Defendant (1) Titus J. Miller. Court Date & Time [ 6/30/2020 2:04:06 PM ]. File Size [ 418 KB ]. Run Time [ 00:01:44 ]. (Status hearing). (auto–docket). (Entered: 06/30/2020) |

| 06/30/2020 | 42 | | ORDER SETTING CHANGE OF PLEA HEARING as to defendant Titus J. Miller. Defendant's request to set a change of plea hearing is granted. **Change of Plea Hearing set for 7/15/2020 at 11:00 AM in Courtroom 1**, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Magistrate Judge Cheryl R. Zwart. The time between today's date and the hearing on the anticipated plea of guilty is excluded for purposes of computing the limits under the Speedy Trial Act. See 18 U.S.C. 3161(h)(1). Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 06/30/2020) |
| --- | --- | --- | --- |
| 07/15/2020 | 43 | | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge Cheryl R. Zwart in Lincoln on 7/15/2020 as to defendant Titus J. Miller. Defendant's oral consent to proceed before Magistrate Judge accepted. Defendant rearraigned on Indictment. Change of Plea Hearing held. Defendant withdraws plea of not guilty and enters a Guilty plea to Counts I, II, III, IV, and V of the Indictment. Government will move to dismiss Counts VI and VII at sentencing. Court finds that the plea is knowing, intelligent and voluntary and that there is a factual basis for it. Recommended that plea and plea agreement be accepted at or before sentencing. Sentencing is scheduled for October 15, 2020 at 12:00 PM noon before Judge Kopf in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE. Defendant remanded to the custody of the U.S. Marshal. Written Findings and Recommendation will be issued. Appearance for Plaintiff: Steven A. Russell; For Defendant: David R. Stickman, FPD; Courtroom Deputy: Jeri Bierbower; Reporter: Digital Recorder. Time Start: 11:01 AM; Time Stop: 11:28 AM; Time in Court: 27 Minutes. (JAB) (Entered: 07/15/2020) |
| 07/15/2020 | 44 | | AUDIO FILE. Audio as to Defendant (1) Titus J. Miller. Court Date & Time [ 7/15/2020 11:01:13 AM ]. File Size [ 6344 KB ]. Run Time [ 00:26:26 ]. (Change of Plea hearing). (auto−docket). (Entered: 07/15/2020) |
| 07/15/2020 | 45 | | PETITION to enter plea of guilty as to defendant Titus J. Miller. (JAB) (Entered: 07/15/2020) |
| 07/15/2020 | 46 | | PLEA AGREEMENT as to defendant Titus J. Miller. (JAB) (Entered: 07/15/2020) |
| 07/15/2020 | 47 | | FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY to the Honorable Richard G. Kopf, Senior United States District Judge, that after de novo review, the court accept the guilty plea and plea agreement, and find the defendant guilty of the crimes to which the defendant tendered a guilty plea as to defendant Titus J. Miller. If any party desires to object to the findings and recommendation, they shall do so no later than 14 calendar days following the date of the filing of the plea transcript, or the audio recording of the proceeding, whichever is earlier. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 07/15/2020) |
| 07/15/2020 | 48 | | ORDER ON SENTENCING SCHEDULE as to defendant Titus J. Miller. **Sentencing set for 10/15/2020 at 12:00 PM in Courtroom 1**, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Senior Judge Richard G. Kopf. Ordered by Magistrate Judge Cheryl R. Zwart. (JAB) (Entered: 07/15/2020) |
| 07/15/2020 | 49 | | LETTER BY CLERK that a transcript request was sent to Julie Pell for transcription regarding Change of Plea Hearing 43 . Transcript ordered by Magistrate Judge Cheryl R. Zwart as to defendant Titus J. Miller. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E−GOVERNMENT ACT AND FEDERAL |

| | | |
|---|---|---|
| | | RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. (ADB) (Entered: 07/15/2020) |
| 08/15/2020 | 50 | TRANSCRIPT (UNREDACTED) of Change of Plea proceedings before Magistrate Judge Cheryl R. Zwart held on 7/15/2020 as to defendant(s) Titus J. Miller. Total Number of Billable Pages: 28. Total Number of Pages: 28. In accordance with the transcript redaction procedure, available at<br><br>**http://www.ned.uscourts.gov/internetDocs/pom/tran_redaction_procedure.pdf,**<br><br>the transcript may be viewed at the courts public terminal or purchased through Transcriber Julie A. Pell at (402) 476–7160 or julie@pellreporting.com before the expiration of the Release of Transcript Restriction deadline. The parties have 7 calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Redaction Request due 9/8/2020. Redacted Transcript Deadline set for 9/15/2020. Release of Transcript Restriction set 11/13/2020. (Pell, Julie) Modified on 11/18/2020 to release transcript restriction (LRM). (Entered: 08/15/2020) |
| 08/17/2020 | 51 | ORDER adopting 47 Findings and Recommendations on Plea of Guilty as to Titus J. Miller. Ordered by Senior Judge Richard G. Kopf. (KLL) (Entered: 08/17/2020) |
| 10/02/2020 | 52 | TENTATIVE FINDINGS OF FACT regarding Presentence Investigation Report as to defendant Titus J. Miller. It is ordered that:... (2)There are no objections or motions that require resolution at sentencing.(3)Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects. ETC. Ordered by Senior Judge Richard G. Kopf. (KLL) (Entered: 10/02/2020) |
| 10/13/2020 | 53 | MOTION to Restrict pursuant to the E–Government Act by Attorney Steven A. Russell as to defendant(s) Titus J. Miller. (Russell, Steven) (Entered: 10/13/2020) |
| 10/13/2020 | 54 | RESTRICTED DOCUMENT *(Government's Responsive Brief)* regarding MOTION to Restrict pursuant to the E–Government Act 53 ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. – by Attorney Steven A. Russell as to defendant(s) Titus J. Miller. (Russell, Steven) (Entered: 10/13/2020) |
| 10/13/2020 | 55 | TEXT ORDER granting 53 Motion to Restrict pursuant to the E–Government Act as to Titus J. Miller. Ordered by Senior Judge Richard G. Kopf. (KLL) (Entered: 10/13/2020) |
| 10/15/2020 | 56 | *SEALED* PRESENTENCE INVESTIGATION REPORT as to defendant(s) Titus J. Miller THIS DOCKET ENTRY AND PDF DOCUMENT ARE SEALED PURSUANT TO AN ORDER OF THE COURT AND/OR LEGAL AUTHORITY GOVERNING SEALED FILINGS. ACCESS IS LIMITED ONLY TO THE COURT. (KAL) (Entered: 10/15/2020) |
| 10/15/2020 | 57 | |

| | | | |
|---|---|---|---|
| | | | *SEALED* SENTENCING RECOMMENDATIONS as to defendant(s) Titus J. Miller THIS DOCKET ENTRY AND PDF DOCUMENT ARE SEALED PURSUANT TO AN ORDER OF THE COURT AND/OR LEGAL AUTHORITY GOVERNING SEALED FILINGS. ACCESS IS LIMITED ONLY TO THE COURT. (KAL) (Entered: 10/15/2020) |
| 10/15/2020 | 58 | | TEXT MINUTE ENTRY for sentencing proceedings held before Senior Judge Richard G. Kopf in Lincoln on 10/15/20 as to defendant Titus J. Miller. The plea agreement is accepted. The Court adopts the presentence investigation report. On a plea of guilty to Counts I, II, III, IV, and V of the Indictment, defendant is sentenced to the custody of the Bureau of Prisons for a term of 240 months on each count I, II, III, IV, and V all counts to be served consecutive to one another for a total of 100 years, followed by a lifetime term of supervised release with special conditions on counts I, II, III, IV and V; $50,000 AVAA assessment; and a $500 special assessment. The JVTA assessment is waived. Counts VI and VII are dismissed by the Government. Defendant is remanded to the custody of the U.S. Marshal. Appearance for Plaintiff: Steven A. Russell and Tessie L. Smith; Defendant: David R. Stickman, FPD; Probation Officer: Craig Ford for Travis Wilcoxen; Courtroom Deputy: Lindsey Olson; Court Reporter: digital; Time Start: 12:08 p.m. Time Stop: 1:15 p.m. Time in Court: 1 Hour and 7 Minutes (LKO) (Entered: 10/15/2020) |
| 10/15/2020 | 59 | | RESTRICTED AUDIO FILE (16.0 MB) as to defendant Titus J. Miller regarding Sentencing 58 held on October 15, 2020 at 12:08 PM before Senior Judge Richard G. Kopf. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(e). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. (LKO) (Entered: 10/15/2020) |
| 10/15/2020 | 60 | | NOTICE OF RIGHT TO APPEAL in criminal cases and counsel's acknowledgment and receipt of the 8th Circuit's Rule 27C by Attorney David R. Stickman as to defendant Titus J. Miller. (LKO) (Entered: 10/15/2020) |
| 10/19/2020 | 61 | | JUDGMENT as to Titus J. Miller, Defendant pleaded guilty to counts I, II, III, IV, & V of the Indictment and is hereby committed to the custody of the Bureau of Prisons for a term of 240 months on each counts I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years); a Life term of supervised release with special conditions; $50,000 AVAA assessment; and a $500.00 special assessment. Counts VI & VII are dismissed on the motion of the United States. Ordered by Senior Judge Richard G. Kopf. (4 Certified copies to USM) (LKO) (Entered: 10/20/2020) |
| 10/19/2020 | 62 | | *SEALED* SEALED STATEMENT OF REASONS for sentence regarding Judgment 61 as to defendant Titus J. Miller. THIS DOCKET ENTRY AND PDF DOCUMENT ARE SEALED PURSUANT TO AN ORDER OF THE COURT AND/OR LEGAL AUTHORITY GOVERNING SEALED FILINGS. ACCESS IS LIMITED ONLY TO THE COURT. Ordered by Senior Judge Richard G. Kopf. (Copy to defendants counsel)(LKO) (Entered: 10/20/2020) |
| 10/21/2020 | 63 | | MOTION to Correct Sentence by Attorney David R. Stickman as to defendant(s) Titus J. Miller. (Stickman, David) (Entered: 10/21/2020) |
| 10/22/2020 | 64 | | |

| | | | |
|---|---|---|---|
| | | | ORDER that Plaintiff shall respond to Defendant's Motion to Correct Sentence (Filing 63 ) on or before November 5, 2020 as to defendant Titus J. Miller. Ordered by Senior Judge Richard G. Kopf. (LAC) (Entered: 10/22/2020) |
| 10/23/2020 | 65 | | REQUEST FOR TRANSCRIPT for proceedings held on 10/15/2020 regarding Minutes, Filing 58 Sentencing,,,,, Plea and Plea Agreement Accepted,,,, before Senior Judge Richard G. Kopf ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. by Attorney Steven A. Russell as to defendant(s) Titus J. Miller. (Russell, Steven) (Entered: 10/23/2020) |
| 10/23/2020 | 66 | | EXPEDITED LETTER BY CLERK that a transcript request was sent to Rogene Schroder for transcription regarding Sentencing 58 . Transcript ordered by U.S. Attorney Steven A. Russell as to defendant Titus J. Miller. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. (TCL) (Entered: 10/23/2020) |
| 10/27/2020 | 67 | | TRANSCRIPT (UNREDACTED – Child Victim or Child Witness) of Sentencing Proceedings before Senior Judge Richard G. Kopf, held on October 15, 2020, as to defendant Titus J. Miller. Total Number of Billable Pages: 39. Total Number of Pages: 39. In accordance with 18 U.S.C. Section 3509(d), this transcript is sealed. For redaction purposes, the parties may purchase the transcript through Transcriber Rogene S. Schroder at (402) 661–7383 or roschrod79@yahoo.com or make arrangements to view the transcript in camera at the clerk's office. The transcript must be redacted in accordance with the transcript redaction procedure, available at **http://www.ned.uscourts.gov/internetDocs/pom/tran_redaction_procedure.pdf,** In addition, pursuant to 18 U.S.C. Section 3509(d), THE NAME OR OTHER INFORMATION CONCERNING A CHILD VICTIM OR A CHILD WITNESS MUST BE REDACTED BEFORE THIS TRANSCRIPT IS PLACED IN THE PUBLIC RECORD. The parties have 7 calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. ACCESS TO THE PDF DOCUMENT IS SEALED PURSUANT TO 18 U.S.C. SECTION 3509. Redaction Request due 11/17/2020. Redacted Transcript Deadline set for 11/27/2020. (RSS) (Entered: 10/27/2020) |
| 10/28/2020 | 68 | | NOTICE OF APPEAL regarding Judgment,,, Terminate Criminal Case,, 61 by Attorney David R. Stickman as to defendant(s) Titus J. Miller. (Stickman, David) (Entered: 10/28/2020) |
| 10/29/2020 | 69 | | COPY OF IFP MEMO prepared by Deputy Clerk and sent to Senior Judge Richard G. Kopf regarding Notice of Appeal to USCA 68 as to defendant Titus J. Miller. (LAC) (Entered: 10/29/2020) |
| 11/02/2020 | 70 | | MEMORANDUM AND ORDER as to defendant Titus J. Miller. IT IS ORDERED that, to the extent I have jurisdiction, Paragraph 1 of the defendant's motion to correct (Filing 63 ) regarding the prison sentence is denied. The Judgment and Committal order (Filing 61 ) reflects exactly what I intended. Paragraph 2 of the |

| | | | defendant's motion to correct sentence (Filing 63 ) is granted in part and denied in part. The imposition of a lifetime of supervised release was exactly what I intended. I also intended that the terms and conditions of that supervised release were those set forth in the sentencing recommendation (Filing 57 ) and to the extent not clearly stated then are herewith imposed now. Paragraph 3 of the defendant's motion to correct sentence (Filing 63 ) is denied. I imposed the $50,000 AVAA (18 U.S.C. § 2259A) assessment intentionally (a) to provide each of the five children with $5,000 each (to the extent possible) and (b) the balance to paid into the fund for the benefit of other children. The defendant is granted leave to appeal in forma pauperis. Ordered by Senior Judge Richard G. Kopf. (LAC) (Entered: 11/02/2020) |
|---|---|---|---|
| 11/03/2020 | 71 | | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by Clerk to USCA regarding Notice of Appeal to USCA 68 , Judgment 61 and Order 70 . Notice of Appeal filed on 10/28/2020 by Defendant Titus J. Miller. NOTIFICATION TO COUNSEL AND PARTIES – FILE REQUEST FOR TRANSCRIPT WITH THE DISTRICT COURT CLERKS OFFICE. (LAC) (Entered: 11/03/2020) |
| 11/04/2020 | 72 | | Letter by Clerk of USCA 8th Circuit (20−3316) regarding Notice of Appeal to USCA 68 as to defendant Titus J. Miller (LRM) (Entered: 11/04/2020) |
| 11/04/2020 | 73 | | Order from USCA – 8th Circuit (20−3316) IT IS ORDERED that the Federal Public Defender for the District of Nebraska is hereby appointed to represent (or to continue to represent) the above named appellant in all matters pertaining to this action before this Court. (LRM) (Entered: 11/04/2020) |
| 11/04/2020 | 74 | | ORDER REGARDING FILING IN CHILD VICTIM AND CHILD WITNESS CASES from USCA – 8th Circuit (20−3316). (LRM) (Entered: 11/04/2020) |
| 11/04/2020 | 75 | | SCHEDULING LETTER from USCA – 8th Circuit (20−3316) as to Notice of Appeal to USCA 68 as to defendant Titus J. Miller. Transcript Designation set for 11/25/2020. Clerks Record of Designation set for 11/25/2020. (LRM) (Entered: 11/04/2020) |
| 11/30/2020 | 76 | | DESIGNATED CLERK'S RECORD with certified docket sheet and sentencing transcript 67 sent to USCA – 8th Circuit (case number 20−3316) regarding Notice of Appeal to USCA 68 as to defendant Titus J. Miller. (LAC) (Entered: 11/30/2020) |
| 01/21/2022 | 77 | | Opinion of USCA – 8th Circuit (case number 20−3316) as to defendant Titus J. Miller. The sentence is affirmed. This case is reversed and remanded to the district court to enter an amended judgment. (Attachments:<br># 1 Letter to Counsel,<br># 2 Letter to West Publishing)(LAC) (Entered: 01/21/2022) |
| 01/21/2022 | 78 | | Judgment from USCA – 8th Circuit (case number 20−3316) as to defendant Titus J. Miller. This appeal from the United States District Court was submitted on the record of the district court, briefs of the parties and was argued by counsel. After consideration, it is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in part, reversed in part, and remanded to the district court for proceedings consistent with the opinion of this court. (Attachments:<br># 1 Revision of Part V) (LAC) (Entered: 01/21/2022) |
| 01/24/2022 | 79 | | ORDER as to defendant Titus J. Miller. IT IS ORDERED that no later than February 22, 2022, each party shall submit a brief addressing the issue(s) raised by the Court of Appeals, to wit: "This court reverses and remands to the district court |

| | | | |
|---|---|---|---|
| | | | to enter an amended judgment specifying whether all $50,000 shall be awarded as an assessment to the Child Pornography Victims Reserve, or whether some part shall be awarded as an assessment to the Reserve and some shall be awarded as restitution under 18 U.S.C. § 2259 to the victims." Ordered by Senior Judge Richard G. Kopf. (LAC) (Entered: 01/24/2022) |
| 02/14/2022 | 80 | | MANDATE from USCA – 8th Circuit (case number 20–3316) – In accordance with the opinion and judgment of 01/21/2022, and pursuant to the provisions of Federal Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in the above–styled matter as to defendant Titus J. Miller. (LAC) (Entered: 02/14/2022) |
| 02/22/2022 | 81 | | BRIEF *on Remand* by Attorney David R. Stickman as to defendant(s) Titus J. Miller. (Stickman, David) (Entered: 02/22/2022) |
| 02/22/2022 | 82 | | BRIEF *of United States re: Remand on Issue of Restitution Order* by Attorney Steven A. Russell as to defendant(s) Titus J. Miller. (Russell, Steven) (Entered: 02/22/2022) |
| 02/23/2022 | 83 | | ORDER that resentencing in this matter is scheduled before the undersigned United States district judge on Thursday, May 26, 2022, at 12:00 noon, for one hour, in Courtroom No. 2, United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. The defendant shall be present for the hearing as to defendant Titus J. Miller. Ordered by Senior Judge Richard G. Kopf. (LAC) (Entered: 02/23/2022) |
| 03/28/2022 | 84 | | TEXT ORDER as to defendant Titus J. Miller. At the request of the U.S. Marshal's Service and without objection from counsel, it is ordered that the defendant's resentencing is rescheduled to **4/26/2022 at 12:00 PM**, in Courtroom 2, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Senior Judge Richard G. Kopf. The defendant shall be present for the hearing. Ordered by Senior Judge Richard G. Kopf. (KLL) (Entered: 03/28/2022) |
| 04/26/2022 | 85 | | TEXT MINUTE ENTRY for re–sentencing proceedings held before Senior Judge Richard G. Kopf in Lincoln on 4/26/22 as to defendant Titus J. Miller. This matter is brought up after the 8th Circuit Court of Appeals filed a partial remand order reversing and remanding to the District Court for an amended judgment. Argument heard by both parties. In response to the partial remand order under criminal code 18:2259. The Court hereby enters an amended judgment clarifying that the Special Assessment remains the same at $500.00, no fine is imposed, the JVTA Assessment is waived due to indigency, and the AVAA assessment in the amount of $50,000 is assessed. All other terms and conditions to remain the same. Defendant is remanded to the custody of the U.S. Marshal. Appearance for Plaintiff: Steven A. Russell; Defendant: David R. Stickman, FPD; Probation Officer: Kelly Nelson for Travis Wilcoxen; Courtroom Deputy: Lindsey Olson; Court Reporter: digital; Time Start: 12:03 p.m. Time Stop: 12:14 p.m. Time in Court: 11 Minutes. (LKO) (Entered: 04/26/2022) |
| 04/26/2022 | 86 | | AUDIO FILE. Audio as to Defendant (1) Titus J. Miller. Court Date & Time [ 4/26/2022 12:03:51 PM ]. File Size [ 2508 KB ]. Run Time [ 00:10:27 ]. (Re–Sentencing). (auto–docket). (Entered: 04/26/2022) |
| 04/26/2022 | 87 | | NOTICE OF RIGHT TO APPEAL in criminal cases and counsel's acknowledgment and receipt of the 8th Circuit's Rule 27C by Attorney David R. Stickman as to defendant Titus J. Miller. (LKO) (Entered: 04/26/2022) |

| | | | |
|---|---|---|---|
| 04/26/2022 | 88 | | AMENDED JUDGMENT as to Titus J. Miller, Defendant pleaded guilty to counts I, II, III, IV, & V of the Indictment and is hereby committed to the custody of the Bureau of Prisons for a term of 240 months on each counts I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years); a Life term of supervised release with special conditions; $50,000 AVAA assessment; and a $500.00 special assessment. Counts VI & VII are dismissed on the motion of the United States. Ordered by Senior Judge Richard G. Kopf. (1 Certified copy to USM)(LKO) (Entered: 04/26/2022) |
| 04/26/2022 | 89 | | *SEALED* SEALED STATEMENT OF REASONS for sentence regarding Amended Judgment 88 as to defendant Titus J. Miller. THIS DOCKET ENTRY AND PDF DOCUMENT ARE SEALED PURSUANT TO AN ORDER OF THE COURT AND/OR LEGAL AUTHORITY GOVERNING SEALED FILINGS. ACCESS IS LIMITED ONLY TO THE COURT. Ordered by Senior Judge Richard G. Kopf. (Copy to defendants counsel)(LKO) (Entered: 04/26/2022) |
| 05/03/2022 | 90 | | NOTICE OF APPEAL regarding Judgment,, 88 by Attorney David R. Stickman as to defendant(s) Titus J. Miller. (Stickman, David) (Entered: 05/03/2022) |
| 05/03/2022 | 91 | | REQUEST FOR TRANSCRIPT for proceedings held on April 26, 2022 regarding Minutes, Filing 85 Sentencing – Resentencing,,,, before Senior Judge Richard G. Kopf ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO THE E–GOVERNMENT ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(a). ALL COUNSEL OF RECORD IN MULTI–DEFENDANT CASES MAY ACCESS THIS DOCUMENT. (Stickman, David) (Entered: 05/03/2022) |
| 05/03/2022 | | | ***Procedural Interval start P7 as to defendant Titus J. Miller. (TCL) (Entered: 05/03/2022) |
| 05/03/2022 | 92 | | COPY OF IFP MEMO prepared by Deputy Clerk and sent to Senior Judge Richard G. Kopf regarding Notice of Appeal to USCA 90 as to defendant Titus J. Miller. (TCL) (Entered: 05/03/2022) |
| 05/05/2022 | 93 | | ORDER permitting the defendant to proceed on appeal in forma pauperis as to defendant Titus J. Miller. Ordered by Senior Judge Richard G. Kopf. (TCL) (Entered: 05/05/2022) |
| 05/05/2022 | 94 | | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by Clerk to USCA regarding Notice of Appeal to USCA 90 , Amended Judgment 88 , Order granting IFP 93 . Notice of Appeal filed on 5/3/2022 by Defendant Titus J. Miller. (TCL) (Entered: 05/05/2022) |

AO 245B(Rev. 09/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

for the
District of Nebraska

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:19CR3126-001<br>USM Number: 31414-047 |
| TITUS J. MILLER | David R. Stickman |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts I, II, III, IV, & V of the Indictment.

☐ pleaded nolo contendere to count which was accepted by the court.

☐ was found guilty on count after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section & Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY | October 15, 2019 | 1-5 |

     The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count

☒ Counts VI & VII are dismissed on the motion of the United States.

     **IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

October 15, 2020
Date of Imposition of Sentence:

*s/ Richard G. Kopf*
Senior United States District Judge

October 19, 2020
Date

AO245B(Rev 09/19) Judgment in a Criminal Case                                                    Judgment Page 2 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **two hundred forty (240) months on each counts I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years).**

☐ The Court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant was delivered on _____ to _____
at _____, with a certified copy of this judgment.

           _____
               UNITED STATES MARSHAL

        BY: _____
               DEPUTY UNITED STATES MARSHAL

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a LIFE term.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to

AO245B(Rev 09/19) Judgment in a Criminal Case                                                              Judgment Page 4 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

n.  You must provide the probation officer with access to any requested financial information.

aa.  You must provide the probation officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which you have access.

bb.  You must cooperate with the U.S. Probation Office's Computer Monitoring Program, as directed by the probation officer.  Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices you have access to, and allowing the installation of monitoring software/hardware on said devices.  You and/or the probation officer must inform all parties that access a monitored computer, or similar electronic device, that the device is subject to monitoring.  You may be limited to possessing only one personal Internet capable device, to facilitate the probation officer's ability to effectively monitor your Internet related activities, including, but not limited to, email correspondence, Internet usage history, and chat conversations.  You must not remove, tamper with, reverse engineer, or in any way circumvent installed software.  You must also permit random examinations of said computer systems, Internet capable devices, and similar electronic devices, and related computer peripherals, such as CD's and other media, under your control. You must pay the costs of monitoring.

ii.  You must submit your person, residence, property, office, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search conducted by a probation officer at any time; failure to submit to a search may be grounds for revocation; You must warn any other residents that the premises and any shared devices may be subject to searches pursuant to this condition.

jj.  You must not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes on any media.  Also, you must not install or use any program for the purpose of "wiping," deleting or cleaning any media device.

kk.  You must have no contact with your victim(s), including correspondence, telephone, or communication through third parties, except under circumstances approved in advance and in writing by the probation officer.  You must not enter onto the premises, travel past, or loiter near the victim's residence, school, or place of employment, or other places frequented by the victim.

ll.  You must have no contact, nor reside with children under the age of 18, including your own children, unless approved in advance by the probation officer in consultation with the treatment providers.  You must report all contact with children to the probation officer and the treatment provider.  Should you have contact with a child,

AO245B(Rev 09/19) Judgment in a Criminal Case

Judgment Page 5 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

you are required to immediately remove yourself from the situation and notify your probation officer within 24 hours of this contact.

mm.   You must not loiter near schools, school yards, parks, arcades, playgrounds, amusement parks, or other places used primarily by children under the age of 18 unless approved in advance by the probation officer.

nn.   You must not associate with or have any contact with convicted sex offenders unless in a therapeutic setting and with the permission of the probation officer.

oo.   You are restricted from engaging in any occupation, business, or profession, including volunteer work, where you have access to children under the age of 18, without prior approval of the probation officer.  Acceptable employment shall include a stable verifiable work location and the probation officer must be granted access to the work site.

pp.   You must have all residences and employment pre-approved by the probation officer ten (10) days prior to moving or changing employment.  You must comply with any residency restriction ordinances in the city where you reside.

qq.   You must consent to third party disclosure to any employer, or potential employer, concerning any computer-related restrictions that are imposed upon you unless excused by the probation officer.

rr.   You must undergo a sex offense-specific evaluation and participate in a sex offender treatment and/or mental health treatment program approved by the probation officer.  You must abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing.  You must sign releases of information to allow all professionals involved in your treatment and monitoring to communicate and share documentation.  You must pay for these services as directed by the probation officer.

ss.   You must submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the probation officer, to assist in treatment, planning, and case monitoring.  You must pay for these services as directed by the probation officer.

tt.   You must not possess, view, or otherwise use material including videos, magazines, photographs, computer generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, as defined in 18 U.S.C. § 2256.

zz.   You must report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402)437-1920, within seventy-two (72) hours of being placed on probation or release from confinement and, thereafter, as directed by the probation officer.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature _____      Date _____

AO245B(Rev 09/19) Judgment in a Criminal Case                                                    Judgment Page 6 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $500.00 | | | $50,000 to be divided evenly among the 5 victims | Waived, due to indigency |

☐ The determination of restitution is deferred until  .  An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

**Totals**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the ☐ fine ☐ restitution

   ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B(Rev 09/19) Judgment in a Criminal Case

Judgment Page 7 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒   Lump sum payment of $500.00 due immediately, balance due
     ☐      not later than _____, or
     ☒      in accordance with        ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

**B**  ☐   Payment to begin immediately (may be combined with ☐ C,  ☐ D, or ☐ F below); or

**C**  ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐   Payment during the term of supervised release will commence within  _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒   Special instructions regarding the payment of criminal monetary penalties:
     Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

     The criminal monetary penalty is due in full on the date of the judgment. The defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

     All financial penalty payments are to be made to the Clerk of the U. S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):  _____

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M.  LUCKS, CLERK

By _____Deputy Clerk

AO 245C(Rev. 09/19) Amended Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

for the
District of Nebraska

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:19CR3126-001<br>USM Number: 31414-047 |
| TITUS J. MILLER | David R. Stickman |
| **Date of Original Judgment: 10/19/2020**<br>**(Or Date of Last Amended Judgment)** | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts I, II, III, VI, & V of the Indictment.

☐ pleaded nolo contendere to count which was accepted by the court.

☐ was found guilty on count after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section& Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY | October 15, 2019 | 1-5 |

    The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count

☒ Counts VI & VII are dismissed on the motion of the United States.

    **IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

April 26, 2022
Date of Imposition of Sentence:

*s/ Richard G. Kopf*
Senior United States District Judge

April 26, 2022
Date

AO 245C(Rev. 09/19) Amended Judgment in a Criminal Case                                      Judgment Page 2 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **two hundred forty (240) on each count, I, II, III, IV, & V all counts to be served consecutive to one another for a total term of 1200 months (100 years).**

☐ The Court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


      Defendant was delivered on _____ to _____
at _____, with a certified copy of this judgment.


                  _____
                        UNITED STATES MARSHAL

            BY: _____
                        DEPUTY UNITED STATES MARSHAL

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

    unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.    You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10.    You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11.    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the probation officer.

12.    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13.    You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

n.    You must provide the probation officer with access to any requested financial information.

aa.    You must provide the probation officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which you have access.

bb.    You must cooperate with the U.S. Probation Office's Computer Monitoring Program, as directed by the probation officer.  Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices you have access to, and allowing the installation of monitoring software/hardware on said devices.  You and/or the probation officer must inform all parties that access a monitored computer, or similar electronic device, that the device is subject to monitoring.  You may be limited to possessing only one personal Internet capable device, to facilitate the probation officer's ability to effectively monitor your Internet related activities, including, but not limited to, email correspondence, Internet usage history, and chat conversations.  You must not remove, tamper with, reverse engineer, or in any way circumvent installed software.  You must also permit random examinations of said computer systems, Internet capable devices, and similar electronic devices, and related computer peripherals, such as CD's and other media, under your control. You must pay the costs of monitoring.

ii.    You must submit your person, residence, property, office, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search conducted by a probation officer at any time; failure to submit to a search may be grounds for revocation; You must warn any other residents that the premises and any shared devices may be subject to searches pursuant to this condition.

jj.    You must not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes on any media.  Also, you must not install or use any program for the purpose of "wiping," deleting or cleaning any media device.

kk.    You must have no contact with your victim(s), including correspondence, telephone, or communication through third parties, except under circumstances approved in advance and in writing by the probation officer.  You must not enter onto the premises, travel past, or loiter near the victim's residence, school, or place of employment, or other places frequented by the victim.

ll.    You must have no contact, nor reside with children under the age of 18, including your own children, unless approved in advance by the probation officer in consultation with the treatment providers.  You must report all contact with children to the probation officer and the treatment provider.  Should you have contact with a child,

AO 245C(Rev. 09/19) Amended Judgment in a Criminal Case                                    Judgment Page 5 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

you are required to immediately remove yourself from the situation and notify your probation officer within 24 hours of this contact.

mm.    You must not loiter near schools, school yards, parks, arcades, playgrounds, amusement parks, or other places used primarily by children under the age of 18 unless approved in advance by the probation officer.

nn.    You must not associate with or have any contact with convicted sex offenders unless in a therapeutic setting and with the permission of the probation officer.

oo.    You are restricted from engaging in any occupation, business, or profession, including volunteer work, where you have access to children under the age of 18, without prior approval of the probation officer.  Acceptable employment shall include a stable verifiable work location and the probation officer must be granted access to the work site.

pp.    You must have all residences and employment pre-approved by the probation officer ten (10) days prior to moving or changing employment.  You must comply with any residency restriction ordinances in the city where you reside.

qq.    You must consent to third party disclosure to any employer, or potential employer, concerning any computer-related restrictions that are imposed upon you unless excused by the probation officer.

rr.    You must undergo a sex offense-specific evaluation and participate in a sex offender treatment and/or mental health treatment program approved by the probation officer.  You must abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing.  You must sign releases of information to allow all professionals involved in your treatment and monitoring to communicate and share documentation.  You must pay for these services as directed by the probation officer.

ss.    You must submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the probation officer, to assist in treatment, planning, and case monitoring.  You must pay for these services as directed by the probation officer.

tt.    You must not possess, view, or otherwise use material including videos, magazines, photographs, computer generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, as defined in 18 U.S.C. § 2256.

zz.    You must report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402)437-1920, within seventy-two (72) hours of being placed on probation or release from confinement and, thereafter, as directed by the probation officer.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.


Defendant's Signature                                              Date

AO 245C(Rev. 09/19) Amended Judgment in a Criminal Case                                          Judgment Page 6 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $500.00 ($25.00 paid) | | | $50,000 | Waived, due to indigency |

☐ The determination of restitution is deferred until  .  An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|

**Totals**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C(Rev. 09/19) Amended Judgment in a Criminal Case                                    Judgment Page 7 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $500.00 due immediately, balance due

     ☐ not later than _____, or

     ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

The criminal monetary penalty is due in full on the date of the judgment. The defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of the U. S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
| --- | --- | --- | --- |
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): _____

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245C(Rev. 09/19) Amended Judgment in a Criminal Case                               Judgment Page 8 of 8

DEFENDANT: TITUS J. MILLER
CASE NUMBER: 4:19CR3126-001

# REASON FOR AMENDMENT

**REASON FOR AMENDMENT:**

☒ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant
  ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M.  LUCKS, CLERK

By _____Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | District Court |
| Plaintiff, | ) | Case No. 4:19CR3126 |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF APPEAL** |
| TITUS J. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

Notice is hereby given that defendant, Titus J. Miller, appeals to the United

States Court of Appeals for the Eighth Circuit from the:

**X**     Amended Judgment In a Criminal Case, filing 88, entered on April 26, 2022.

Respectfully submitted,

TITUS J. MILLER, Defendant

/s/ David R. Stickman
By: **DAVID R. STICKMAN**
**Federal Public Defender**
222 South 15th Street
Suite 300N
Omaha, NE 68102
(402) 221-7896
Attorney for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1.     I have filed or served copies of this notice of appeal upon the United States District Court and all counsel of record.

2.     I have completed and attached an Information Sheet to this Notice of Appeal.

 October 28, 2020                              /s/ David R. Stickman
                                              **DAVID R. STICKMAN**

# INFORMATION SHEET - CRIMINAL
## TO BE COMPLETED BY ATTORNEY FOR APPELLANT

1.    Defendant's Address:    Titus J. Miller, #31414-047
    c/o Leavenworth USP
    P.O. Box 1000
    Leavenworth, KS 66048

2.    Date of Verdict:    N/A

    \_\_\_\_ Jury    \_\_\_\_ Non-Jury  Bail Status _____

Offense:    Counts I-V 18:2251(a) Production of Child Pornography

    Trial Testimony - Number of Days:   N/A

3.    Sentence and Date:    240 months on each counts I, II, III, IV & V all counts to be served consecutive to one another for a total term of 1200 months; Life term of supervised release; $50,000 AVAA Assessment; $500 Special Assessment; April 26, 2022.

4.    Appealing:  Sentence  <u>XX</u>    Conviction _____    Both _____

    Challenging:_____    Application of Sentencing Guidelines
    _____    Constitutionality of Guidelines
    _____    Both Application and Constitutionality

5.    Date Trial Transcript ordered by Counsel or District Court: <u>May 3, 2022</u>

    Name, Address, and Phone Number of Court Reporter or Transcriber in Charge of Preparing Transcript:

    Digital Court Reporter
    U.S. District Court for the District of NE
    100 Centennial Mall North, Rm. 593, Lincoln, NE 68508
    Telephone: (402) 437-1900

6.    Trial Counsel was:  <u>XX</u>  Appointed    _____Retained

    Does Defendant's financial status warrant appointment of counsel on appeal?<u>XX</u>  Yes    _____ No

    Affidavit of Financial Status filed: _____

    Is there any reason why trial counsel should not be appointed as counsel on appeal? _____ Yes    <u>XX</u>  No

7.    Name and Phone Number of Assistant U.S. Attorney:<u>AUSA Steve Russell</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**
**OFFICE OF THE CLERK**

Denise M. Lucks
Clerk of Court

www.ned.uscourts.gov

Gabriela Acosta
Chief Deputy Clerk

TO:         The Honorable Richard G. Kopf

FROM:    Clerk, United States District Court

DATE:     May 3, 2022

SUBJECT:  4:19cr3126 USA v. Titus J. Miller

You are receiving this memorandum because a notice of appeal was filed in this criminal case and the clerk's office cannot process the appeal to the Eighth Circuit until either the appellate filing fee is paid or the question of the defendant's authorization to proceed on appeal in forma pauperis is resolved.[1]

In order to assist the clerk's office in its processing of this appeal, please mark the appropriate box:

☒ No separate order will be entered because the defendant is entitled to proceed on appeal in forma pauperis without further authorization pursuant to Rule 24(a)(3) of the Federal Rules of Appellate Procedure.

☐ A separate order or further proceedings will be required to address the defendant's authorization to proceed in forma pauperis. The clerk's office ☐ is ☐ is not directed to set a 30-day case management deadline checking on the status of the processing of this appeal.

---

[1] The purpose of this memorandum is to assist in the timely processing of this appeal by notifying you that one or more issues may require your attention before the clerk's office can process the appeal. Please feel free to disregard this memorandum if the issue or issues raised will be addressed by a separate order.

111 South 18th Plaza, Suite 1152, Omaha, NE 68102-1322

Omaha: (402) 661-7400 | Fax: (402) 661-7387 | Toll Free: (866) 220-4381
Lincoln: (402) 437-1900 | Fax: (402) 437-1911 | Toll Free: (866) 220-4379

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOTICE OF APPEAL (NOA) SUPPLEMENT
**DISTRICT OF NEBRASKA**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

**Caption**:                                                      **Case Number**:

USA v. Titus J. Miller                          4:19cr3126 RGK


**Appellant**:

Titus J. Miller

**Attorney(s)**:

David R. Stickman
FEDERAL PUBLIC DEFENDER'S OFFICE - OMAHA
One Central Park Plaza
222 South 15th Street
Suite 300N
Omaha, NE 68102
(402) 221-7896

**Appellee:**

USA

**Attorney(s)**:

Steven A. Russell
Tessie L. Smith
U.S. ATTORNEY'S OFFICE - LINCOLN
100 Centennial Mall North
Suite 487, Federal Building
Lincoln, NE 68508-3865
(402) 437-5241

**Court Reporter(s)**:

Digital Recorder

**Please return files and documents to**:

Omaha

**Person to contact about the appeal**:

Tiwauna Lawrence

| Length of Trial | Fee | IFP | Pending IFP |
|---|---|---|---|
| N/A | N | Y | N |

| Counsel | Pending Motions | Local Interest | Simultaneous Release? |
|---|---|---|---|
| Appointed | N | N | N |

**Criminal Cases/Prisoner Pro Se Cases only**:

**Is defendant incarcerated?**  Y

| Where? | BOP |
|---|---|

**Please list all other defendants in this case if there were multiple defendants**

**Special Comments**:

Forms-Appeal-NOA_Supplement
Approved Date: 12/22/14