NO. 22-1947

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.

AN APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

THE HONORABLE RICHARD G. KOPF, SENIOR JUDGE,
UNITED STATES DISTRICT COURT

# BRIEF OF APPELLANT

**TITUS MILLER, Appellant,**

**David R. Stickman**
**Federal Public Defender**
**District of Nebraska**
222 South 15th Street
Suite 300 North
Omaha, NE
(402) 221-7896

**Summary and Waiver of Oral Argument**

Titus Miller appeals the imposition, upon remand after reversal, of a $50,000 AVAA assessment.

Miller pled guilty to five counts of Production of Child Pornography. The court sentenced him to 240 months on each count to be served consecutively and imposed an AVAA assessment under 18 U.S.C. § 2259A, designating that $5,000 be paid to each victim for a total of $50,000, despite there being only five victims. Subsequently, the court revised its order to reflect an amount of $5,000 to be paid to five victims as an AVAA assessment with an additional $25,000 to be paid into the fund.

On appeal, the case was reversed in part and remanded for the district court to specify if it was ordering restitution or an assessment. After remand, instead of specifying the matter flagged on remand, it changed the sentence from restitution to an assessment.

Miller argues the district court imposed an illegally excessive sentence in its amended judgment by exceeding the scope of the remand. The court did not correctly apply the 18 U.S.C. § 3553(a) factors as the statute requires or consider them meaningfully.

Because the issues can be resolved based on the briefs and record alone, Miller does not request oral argument.

i

# Table of Contents

Summary and Waiver of Oral Argument............................................................................i

Table of Contents.........................................................................................................ii

Table of Authorities...................................................................................................iv

Jurisdictional Statement...............................................................................................1

Statement of the Issues Presented for Review.............................................................2

Statement of the Case.................................................................................................2

    Charges and supporting facts..................................................................................2

    The original sentencing colloquy surrounding imprisonment.......................................3

    The original hearing and order regarding assessments and restitution. ......................4

    Defense request for clarification of monetary orders and the court's resulting reasoning

    after the original sentencing.....................................................................................5

    Remand by the Eighth Circuit..................................................................................6

    Resentencing after remand.......................................................................................6

Summary of Argument.................................................................................................8

Argument....................................................................................................................8

Appellate Case: 22-1947     Page: 3     Date Filed: 06/27/2022 Entry ID: 5171533

Standards of Review.................................................................................8

The district court exceeded the scope of the remand when it changed its order requiring payment to victims into an assessment payable to the Child Pornography Victim's Reserve Fund.................................................................................9

    The issues on remand were limited in the opinion..............................10

    The court intended $25,000 of its order amount to be paid to the specific victims as damages and not to the Child Pornography Victim's Reserve Fund and stated so numerous times.................................................................................11

    The district court exceeded the scope of the remand when it wholly changed the order of payments to each victim into an assessment. .......................11

The court did not follow the directives of AVAA statute and failed to consider any of the factors the AVAA statute required for determining the proper amount of assessment. ...... 12

    The court failed to provide a permissible basis or explanation for doubling the assessment on remand..............................................................13

    The court failed to consider Miller's ability to pay or other 18 U.S.C. §3553 (a) factors as required by statute. .............................................14

Conclusion.................................................................................17

Certificate of Service.................................................................18

Certificate of Compliance .........................................................20

Appellate Case: 22-1947    Page: 4    Date Filed: 06/27/2022 Entry ID: 5171533

# Table of Authorities

**Cases**

*Bethea v. Levi Strauss & Co.*, 916 F.2d 453 (8th Cir. 1990) ............................................................... 10

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ....................... 2, 9, 13, 17

*United States v. Barthman*, ___ F.3d ___ , 2020 WL 7391900, (8th Cir 2020) ..................................... 16

*United States v. Cole*, 657 F.3d 685 (8th Cir. 2011) ............................................................... 9, 14

*United States v. Dunlap,* 452 F.3d 747 (8th Cir. 2006) .......................................................... 13

*United States v. Hamilton*, 950 F.3d.567 (8th Cir. 2020) ............................................................ 8, 9

*United States v. Miller,* 23 F. 4th 817 (8th Cir. 2022) ................................................................. 6

*United States v. Moody,* 930 F.3d 991 (8th Cir. 2019) ..................................................... 2, 8, 9, 12

*United States v. Walterman*, 408 F.3d 1084 (8th Cir. 2005) ............................................................ 10

**Statutes**

18 U.S.C. § 2251(a) ............................................................................................................... 1

18 U.S.C. § 2259 ................................................................................................................... 6

18 U.S.C. § 2259A ............................................................................... i, 2, 5, 11, 13, 14, 15

18 U.S.C. § 2259B ......................................................................................................... 6, 10

18 U.S.C. § 3014 ........................................................................................................... 4, 15

18 U.S.C. § 3553(a) ................................................................. i, iii, 2, 5, 7, 8, 12-17

Appellate Case: 22-1947     Page: 5     Date Filed: 06/27/2022 Entry ID: 5171533

18 U.S.C. § 3572.................................................................................2, 16

18 U.S.C. § 3742......................................................................................1

28 U.S.C. § 1291......................................................................................1

**Other Authorities**

18 Charles A. Wright, *Federal Practice & Procedure* § 478 at 792. (1981 & Supp. 1995) .................10

Appellate Case: 22-1947    Page: 6    Date Filed: 06/27/2022 Entry ID: 5171533

## Jurisdictional Statement

Titus Miller appeals for the second time the sentence imposed after remand by the Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, after accepting pleas of guilty and subsequent imposition of sentence. The case number below is 4:19CR03126.

Subject matter jurisdiction over this case is proper pursuant to 18 U.S.C. §§ 2251(a) and 2251(e). The United States Court of Appeals for the Eighth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which provides for jurisdiction over a final order subject to appeal, and 18 U.S.C. § 3742, which provides for review of a federal sentence.

Miller's Amended Judgment was entered on April 26, 2022. He timely filed a notice of appeal on May 3, 2022.

Appellate Case: 22-1947   Page: 7   Date Filed: 06/27/2022 Entry ID: 5171533

## Statement of the Issues Presented for Review

Whether the court erred when it imposed a $50,000 AVAA assessment outside of the scope of the remand.

*United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019).


Whether the court erred in imposing a maximum assessment not based on a permissible legal basis and not by applying the required factors in determining the amount of assessment.


*Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

18 U.S.C. § 2259A.

18 U.S.C. §§ 3553 and 3572.


## Statement of the Case

### Charges and supporting facts

Miller pled guilty to five counts (R. Doc. 61 at 1) of production of child pornography (R. Doc. 1). The charges concerned events occurring in August and September of 2019, when Miller worked the nighttime shift at the Playful Painter's daycare in Lincoln, Nebraska. In October of 2019, a search warrant executed in Alabama resulted in the subject of the warrant disclosing images and videos of child pornography received from Miller. Agents acting covertly as the subject of the warrant also obtained videos from Miller. After obtaining and executing a search warrant for Miller's property, the investigation showed that Miller recorded

2

child pornography on his smartphone depicting separate victims while working at the day care in August and September of 2019. (PSR ¶ 35-37).

**The original sentencing colloquy surrounding imprisonment**

At the original sentencing, the court was confused about the maximum and minimum statutory sentencing ranges, incorrectly stating the maximum was twenty years per count (Tr. at 3:23-24) and was corrected by the government at that point. Despite this, moments later the court again restated the incorrect statutory sentencing range as twenty years and was corrected again (TR. at 5:4-10). The court then erroneously stated that the maximum sentence was life with no minimum sentence and got conflicting information from the probation officer at the hearing. (Tr. at 5:12-22). When the court asked if the government agreed, counsel said "no" and had to correct the court a third time (Tr. at 5:23- 6:23)

While imposing the sentence, the court again misstated the maximum possible sentence, stated the counts were to be served consecutively while yet stating it was its intention to follow the probation office's recommendation, which was for concurrent time.

> THE COURT: Count I is 240 months, Count II then is served, 240 months, and so forth. In other words, each sentence of 240 months is consecutive, one after the other. The total is whatever the total is. Am I not being clear?
> MR. STICKMAN: Well, I wanted to be clear that it -- you're imposing a sentence of a hundred years on Mr. Miller.
> THE COURT: Whatever the number is. I -- I -- I took the statutory maximum for each of the five counts and I made them run consecutive.
> MR. RUSSELL: Your Honor, just to make sure, the statutory maximum is 30 years --
> THE COURT: Pardon --

3

MR. RUSSELL: -- or 360 months.

THE COURT: -- pardon me. I -- I took 240 months as recommended by the probation officer and ran it consecutive for five years [*sic*].

(*Id.* at p.35:9-25).

**The original hearing and order regarding assessments and restitution.**

At the original sentencing hearing, the court imposed a special assessment of $500. It declined to impose an assessment pursuant to the JVTA, 18 U.S.C. § 3014 because this assessment only applies to non-indigent persons and the court unequivocally found Miller to be indigent. The government put forth no evidence towards its burden in the sentencing hearing regarding the named victims or damages and specifically declined any restitution (Tr. at at 7).

The court incorrectly stated that the AVAA assessment is mandatory. It then calculated an amount of $50,000 by indicating that would be $5,000 per victim, which would infer the court thought there were ten victims, which was untrue. Miller was convicted of behavior involving five victims.

MR. RUSSELL: I read the statute that it has – you have to impose a mandatory AVA [*sic*] sentence -- assessment up to --
THE COURT: But I'm not --
MR. RUSSELL: -- $50,000 --
THE COURT: Right.
MR. RUSSELL: -- per -- per person.
THE COURT: Right. So the total is mandatory. I could have imposed a lesser sentence, but I chose not to – a lesser assessment, rather. Do you want me to explain my reasoning?
MR. STICKMAN: Well, I think you -- you just did. You said that you think it's mandatory.

4

THE COURT: Well, the -- an assessment is mandatory. It doesn't have to be 50,000. Theoretically it could be one dollar. Does the government agree with that?

MR. RUSSELL: I agree with that.

THE COURT: I chose the 50 -- I chose a 5,000 per child not so much for this defendant but for other defendants in similar circumstances who are involved in childcare cases.

(Tr. at .37:1-21).

The court applied no analysis pursuant to 18 U.S.C. §3553 or 3572 as is required, instead solely basing its calculus on a multiplier based on an erroneous number of victims.

**Defense request for clarification of monetary orders and the court's resulting reasoning after the original sentencing.**

Counsel filed a motion requesting clarification of the AVAA assessment and renewing Miller's objection to the assessment, pointing out,

The Court imposed an AVAA assessment of $50,000. However, the Court indicated that its intention was "to impose an AVAA assessment of $5,000 per victim for each of the five victims. The total of the amount of the AVAA assessment should therefore have been $25,000. Regardless of the amount of the AVAA assessment, the Defendant renews his objection to the assessment as the Court found he has no ability to pay such assessment nor will he likely become able to pay such an assessment".

(R. Doc. 63).

Counsel's understanding was that the amount ordered was an **assessment** with a calculation based on the number of victims. Yet, in response to the motion, the court indicated that the funds were **not to be used as an assessment, but rather as an arbitrary amount to be paid to the victims** with the remainder to be an assessment. The ruling stated, "I imposed the $50,000 AVAA (18 U.S.C. § 2259A) assessment **intentionally** (a) to provide each

5

of the five children with $5,000 each (to the extent possible) and (b) the balance to paid into the fund for the benefit of other children." (R. Doc. 70) (emphasis added).

It is clear by the plain language in the court order was that its calculation of the amount of the AVAA assessment was based on its intention that 5 victims were paid $5,000 each by the defendant, despite no proof of damages as required by the restitution statute.

**Remand by the Eighth Circuit**

The first appeal resulted in a remand. The opinion set out differences between designating payments to victims and the purposes of the AVAA assessment:

> "A monetary penalty under the AVAA is separate and distinct from restitution." *United States v. Madrid,* 978 F.3d 201, 205 (5th Cir. 2020). Restitution requires identification of a victim and proof of losses. 18 U.S.C. § 2259(b)(2). However, a special assessment does not. Rather than going to individual victims, all assessments "collected under" the AVAA 'shall be deposited into the Child Pornography Victims Reserve' fund. 18 U.S.C. § 2259B(a)."

*United States v. Miller,* 23 F. 4th 817, 819 (8th Cir. 2022).

The Eighth Circuit remanded the case ". . . to the district court to enter an amended judgment specifying whether all $50,000 shall be awarded as an assessment to the Child Pornography Victims Reserve, or whether some part shall be awarded as an assessment to the Reserve and some shall be awarded as restitution under 18 U.S.C. § 2259 to the victims." *United States v. Miller,* 23 F. 4th 817, 820 (8th Cir. 2022).

**Resentencing after remand**

After remand, the court did not follow the directive of the opinion remanding the case; it did not specify whether it initially intended for the $50,000 to go to the Child Pornography

6

Victim's Reserve or for half of that amount to be restitution to individual victims. Instead, it changed its sentence altogether, pronouncing that the previous restitution was now an assessment saying,

> I've taken any reference to restitution -- which I thought I'd made clear before -- but I've taken any reference to that and I've imposed a $50,000 penalty -- I use the word "penalty" once again in its broadest terms -- on page -- I think it's probably 6 -- yes, it is -- for the AVAA assessment.

> That being said, in response to the partial remand order, under Criminal Monetary Penalties, I've changed the judgment. The material changes are that the assessment remains the same at -- at $500, no restitution, no fine, no -- JVTA assessment waived due to indigent, he's waived to due to his indi- -- indige- -- that he's indigent, and I assess a AVAA assessment of $50,000 to be paid by the defendant, and I so order.

(R. Tr[1]. at 6).

The district court issued no clarification that it misspoke when directing payments to the victims; in fact, it doubled down. The court again found Miller to be indigent and unable to pay an assessment. It added no consideration of 18 U.S.C. §3553 (a) factors. The court stood by its previous rationale, which it thought was "clear before". That rationale, the sole basis for half of the amount ordered, specifically directed payments to the victims and fixed the amount based on the number of victims to be paid, an impermissible basis for determining the amount of assessment.

---

[1] Since the case was remanded and a subsequent transcript documenting the resentencing after remand was issued, counsel is referring to the resentencing transcript as R. Tr.
to be clear which transcript is being referred to in briefing.

7

Instead of issuing a clarification, the district court took the restitution "it made clear before" and changed it to an assessment.

## Summary of Argument

The district court exceeded the scope of the remand from the Eighth Circuit when, instead of clarifying its order, it "changed the judgment" from its original, clearly stated intention of paying restitution to the victims to doubling the amount Miller was to pay the Child Pornography Victim's Reserve fund as an AVAA assessment.

The district court's imposition of a $50,000 AVAA assessment was imposed without a legally permissible basis.

The district court failed to consider the required 18 U.S.C. §3553(a) factors when it imposed an excessive AVAA assessment.

## Argument

### Standards of Review

Whether or not a district court's order is within the scope of the remand is reviewed de novo on the record. *United States v. Hamilton*, 950 F.3s.567((8th Cir. 2020).

"[If] we find that significant procedural error occurred, we must reverse unless the error was harmless." *United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019).

"This court must first ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly

8

erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

"We review a sentence's substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cole*, 657 F.3d 685, 688 (8th Cir. 2011).

**The district court exceeded the scope of the remand when it changed its order requiring payment to victims into an assessment payable to the Child Pornography Victim's Reserve Fund.**

"A district court's failure to understand the scope of its authority and discretion at sentencing is considered a significant procedural error." *United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019).

"On remand for resentencing, a district court can hear any relevant evidence that it could have heard at the first hearing, but all issues decided by the appellate court become the law of the case. Additionally, the resentencing court may not disregard the scope of any limitations imposed by the appellate court." (citation and internal quotation marks omitted). "Where a remand is limited to the resolution of specific issues, those issues outside the scope of the remand are generally not available for consideration." *United States v. Walterman*, 408 F.3d 1084, 1085 (8th Cir. 2005).

9

*The issues on remand were limited in the opinion.*

The Eighth Circuit remanded the case solely for the district court to specify whether the $25,000 portion the court said was an assessment payable to victims was intended as restitution or an assessment. The opinion did not remand the case with instructions to hold -- for the first time – evidentiary hearings as to damages individual victims sustained or to resentence Miller because that would exceed the scope of the remand.

The appellate opinion sets the scope of the remand and the law of the case – which is to make the court's intent match the language in its order regarding assessment versus restitution. "Law of the case terminology is often employed to express the principle that inferior tribunals are bound to honor the mandate of superior courts within a single judicial system." 18 Charles A. Wright, *Federal Practice & Procedure* § 478 at 792. (1981 & Supp. 1995) "If there are no explicit or implicit instructions to hold further proceedings [on remand], a district court has no authority to re-examine an issue settled by a higher court." *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456-57 (8th Cir. 1990)

The opinion addressed only the issue of whether the court intended to order restitution to victims or an AVAA assessment to the Child Pornography Victim's Reserve fund pursuant to 18 U.S.C. § 2259B when it made its pronouncement.

10

*The court intended $25,000 of its order amount to be paid to the specific victims as damages and not to the Child Pornography Victim's Reserve Fund and stated so numerous times.*

The Eighth Circuit affirmed the $25,000 assessment and remanded the case for clarification as to the court's intent as to the remaining $25,000. The court's intent was clear in the record from the sentencing hearing itself and from the ruling following Miller's request for clarification. The court did not equivocate, saying: "I imposed the $50,000 AVAA (18 U.S.C. § 2259A) assessment intentionally (a) to provide each of the five children with $5,000 each (to the extent possible) and (b) the balance to paid into the fund for the benefit of other children." (R. Doc. 70). To argue that the court intended to impose the entire amount as an assessment would be to ignore its own statements on the record as to its rationale.

*The district court exceeded the scope of the remand when it wholly changed the order of payments to each victim into an assessment.*

The district court, instead, of specifying whether the $25,000 in question was originally meant as restitution or an assessment, said outright at the hearing on remand that the amount was restitution and then proceeded to modify it. Doing so, it did not simply specify or clarify; it changed its sentence altogether, pronouncing that the previous restitution was now an assessment saying,

> I've taken any reference to restitution -- which I thought I'd made clear before -- but I've taken any reference to that and I've imposed a $50,000 penalty -- I use the word "penalty" once again in its broadest terms -- on page -- I think it's probably 6 -- yes, it is -- for the AVAA assessment.

11

That being said, in response to the partial remand order, under Criminal Monetary
Penalties, I've changed the judgment. The material changes are that the assessment
remains the same at -- at $500, no restitution, no fine, no -- JVTA assessment waived
due to indigent, he's waived to due to his indi- -- indige- -- that he's indigent, and I
assess a AVAA assessment of $50,000 to be paid by the defendant, and I so order.

(R. Tr at 6).

The court admitted that this was not a specification clarifying a vague part of the order,
it was a "material change" in the sentence. This language, coupled with the previous specific
calculations to benefit individual victims and the complete lack of a basis for doubling the
assessment, shows this is a resentencing, which is outside the scope of the remand. "[If we
find that significant procedural error occurred, we must reverse unless the error was harmless."
*United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019). The $50,000 AVAA assessment should
be vacated.

**The court did not follow the directives of AVAA statute and failed to consider
any of the factors the AVAA statute required for determining the proper amount of
assessment.**

Should this court decide that a resentencing changing an order to pay victims into an
assessment is, in fact, within the scope of the remand, the court was required to hear evidence
and consider anew the 18 U.S.C. §3553 (a) factors which weighed against doubling the
assessment. It did not.

"But where a court of appeals vacates a sentence or reverses a finding related to
sentencing and remands the case for resentencing without placing any limitations on the

district court, the court can hear any relevant evidence on that issue that it could have heard at the first hearing." *United States v. Dunlap*, 452 F.3d 747, 749-50 (8th Cir. 2006) (internal quotation marks omitted).

*The court failed to provide a permissible basis or explanation for doubling the assessment on remand.*

The court initially imposed a $25,000 assessment to the Child Pornography Victim's Reserve Fund as part of the AVAA assessment. The only basis mentioned at all for the other $25,000 ordered was that it was to benefit individual victims directly. The initial clarifying order before remand stated, "I imposed the $50,000 AVAA (18 U.S.C. § 2259A) assessment **intentionally (a) to provide each of the five children with $5,000 each** (to the extent possible) and (b) the balance to paid into the fund for the benefit of other children." (R. Doc. 70) (emphasis added). The court, upon resentencing, did not mention the 18 U.S.C. §3553 (a) factors at all at the hearing or present any basis other than the impermissible basis rejected on appeal for doubling the assessment to the Child Pornography Victim's Reserve Fund. There is no basis for this erroneous assessment, and it should be reversed.

"This court must first ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). Failure of the district court to adequately explain a legal basis for the assessment imposed or to properly consider the correct factors and provide a rationale

13

is reversible error. "We review a sentence's substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cole*, 657 F.3d 685, 688 (8th Cir. 2011).

*The court failed to consider Miller's ability to pay or other 18 U.S.C. §3553 (a) factors as required by statute.*

In this case, the court was required to consider Miller's ability to pay as well as the 18 U.S.C. §3553 (a) factors as part of the process of determining the correct assessment. Its failure to do so is reversible error.

There is no minimum or mandatory assessment under the act. The statute dictates that the assessment for a child pornography production case shall be "not more than $50,000 *on any person convicted*". 18 U.S.C. § 2259A (a)(3) (emphasis added). The statutory assessment does not provide for separate assessments or payments per count or per victim but rather per person convicted.

The statute also sets out the correct means of determining the assessment. The rationale referenced by the court did not come close to following those guidelines. At the initial sentencing hearing where the court appeared to miscalculate the number of victims, the court provided its only rationale, saying, "I chose the 50—I chose the 5,000 per child not so much for this defendant but for other defendants in similar circumstances who are involved in childcare cases." (Tr at 37:19-21). This reasoning, besides being mathematically incorrect since there were not ten victims, specifically repudiated any idea that the amount chosen considered facts unique to the Miller or to deter persons from committing crimes in the future, since the court referenced "defendants involved in childcare cases."

14

The court does not have unfettered discretion and is directed to apply specific factors to determine a just amount. "In determining the amount of the assessment under subsection (a), the court shall consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c).

With respect to how these factors should be applied to Miller, the district court specifically found Miller to be indigent at the first sentencing with respect to the JVTA assessment. While that assessment does not apply to indigent defendants and for that reason excluded the defendant, it is also much, much smaller, $5,000 per 18 U.S.C. § 3014(a), than the amount the court ordered under the AVAA.

Coming to the right conclusion for the wrong reason, the court made this specific finding with respect to Miller's financial status, saying, "I waive the JVTA assessment because it cannot – because the defendant couldn't possibly pay it and will never be able to pay it." (Tr. at 34:18-20).

The court, at the sentencing rehearing after the remand, made this exact finding again, stating, "… no restitution, no fine, no -- JVTA assessment waived due to indigent, he's waived to due to his indi- -- indige- -- that he's indigent, …"(R. Tr . at 6).

If Miller cannot possibly pay $5,000, it stands to reason that he could not possibly pay $50,000. The imposition of this excessive assessment is an abuse of discretion.

Miller is destitute. The presentence investigation indicated Miller has no savings and that his family sold his vehicle to put money on his books and a mere $100 of the vehicle sale proceeds remained at the time of the report. He has no assets at all and $3,745.00 of

15

educational debt. (PSR ¶ 140-41). In *United States v. Barthman*, __ F.3d __ , 2020 WL 7391900, (8th Cir 2020), this court found it proper to consider educational debt in determining whether a person has resources to pay an assessment in the future. Having been ordered to serve 100 years in prison, Miller will have little to no income potential for the rest of his life.

The court considered indigency only for the JVTA assessment and erred by not also considering it in ordering the AVAA assessment. 18 U.S.C. § 3572 (a), which the AVAA directs the court to reference sets out the ability to pay as its primary consideration:

> In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a) [18 USCS § 3553(a)]—
> (1) the defendant's income, earning capacity, and financial resources;
> (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose . . .

Miller's complete lack of financial resources is part of the "history and characteristics" unique to him that the court is required to consider under 18 U.S.C. §3553 (a)(1) when determining the propriety of an assessment. Yet, while the court appeared to be aware of Miller's complete lack of any assets or resources with respect to declining to impose the JVTA assessment, the court did not give it any consideration when considering the AVAA assessment even though the statute required the court to do so.

The standard of review is well established: this court "must first ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a)

factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). The assessment is a part of Miller's sentence. The district court imposed the maximum assessment allowed without any consideration of the uncontested fact that Miller is completely impoverished and had a negative net worth, and the district court neither addressed or balanced this fact by considering the factors set out in 18 U.S.C. §3553 and 3572 as required by 18 U.S.C.§ 2259A(c). The court committed procedural error, abused its discretion, and this assessment should be set aside.

## Conclusion

The district court exceeded the scope of the remand. It erred both procedurally and substantively by doubling the AVAA assessment, imposing a sentence contrary to its own finding of facts. For these reasons, the case should be reversed.

TITUS MILLER, Appellant,

By: _____ s/ David R. Stickman _____
  **DAVID R. STICKMAN**
  **Federal Public Defender**
  222 South 15th Street, Suite 300N
  Omaha, NE 68102
  (402) 221-7896
  fax: (402) 221-7884
  email: david_stickman@fd.org

17

_____

NO. 22-1947
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.
_____

**Certificate of Service**

_____

David R. Stickman, after being first duly sworn states:

1.      He is the attorney for Appellant herein.

2.      I hereby certify that on June 27, 2022 I electronically submitted for approval the foregoing with the Clerk of the Court for the United States of Appeals for the Eighth Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished pursuant to Rule 28A(d) of the Local Rules of the United States Court of Appeals for the Eighth Circuit.

Appellate Case: 22-1947    Page: 24    Date Filed: 06/27/2022 Entry ID: 5171533

TITUS MILLER, Appellant,


By: ____s/ David R. Stickman____
       **DAVID R. STICKMAN**
       **Federal Public Defender**
       222 South 15th Street, Suite 300N
       Omaha, NE 68102
       (402) 221-7896
       fax: (402) 221-7884
       email: david_stickman@fd.org

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.

_____

**Certificate of Compliance**

_____

David R. Stickman, after being first duly sworn, states:

1.      The electronic version of this brief and the electronic version of the addendum have been scanned for viruses and are virus-free.

2.      Appellant's Brief in this matter is 17 pages in length and contains 5,094 words, excluding the Certificate of Service and Certificate of Compliance, which complies with the page and word limit option found at Fed. R. App. P. 32(a)(7)(A) and 32(a)(7)(B).

3.      Appellant's Brief in this matter was prepared using Microsoft Word 2016, with a 14-pt, proportionally-spaced Garamond font face, in compliance with Fed. R. App. P. 32 (a)(5).

Appellate Case: 22-1947    Page: 26    Date Filed: 06/27/2022 Entry ID: 5171533

TITUS MILLER, Appellant,


By:     s/ David R. Stickman
           **DAVID R. STICKMAN**
           **Federal Public Defender**
           222 South 15th Street, Suite 300N
           Omaha, NE 68102
           (402) 221-7896
           fax: (402) 221-7884
           email: david_stickman@fd.org

Appellate Case: 22-1947    Page: 27    Date Filed: 06/27/2022 Entry ID: 5171533