IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

———————————————

Case No.  22-1947

———————————————

UNITED STATES OF AMERICA

Plaintiff-Appellee,

vs.

TITUS MILLER

Defendant-Appellant

———————————————

**BRIEF OF APPELLEE**

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

The Honorable Richard G. Kopf, Senior United States District Court Judge

UNITED STATES OF AMERICA
Plaintiff-Appellee

STEVEN A. RUSSELL
Acting United States Attorney
District of Nebraska
   and
STEVEN A. RUSSELL, #16925
Assistant U.S. Attorney
100 Centennial Mall North
487 Federal Building
Lincoln, NE  68508-3865
(402) 437-5241

# SUMMARY AND STATEMENT REGARDING ORAL ARGUMENT

Appellant, Titus Miller, hereinafter "Miller," was convicted of five counts of production of child pornography. He was sentenced to five consecutive 20-year prison terms followed by a lifetime of supervised release. Miller was also ordered to pay an assessment of $50,000 pursuant to the Amy, Vicki, and Andy Child Pornography Victim Restitution Act of 2018, Title 18, United States Code, Section § 2259A, hereinafter "AVAA".

Miller appealed the length of the term of imprisonment and the $50,000 assessment under the AVAA. This Court affirmed the term of imprisonment but remanded the matter for the district court to specify whether the $50,000 was to be awarded to the Child Pornography Victims Reserve Fund pursuant to 18 U.S.C. § 2259A or a portion awarded as restitution to victims of Miller's criminal acts under 18 U.S.C. § 2259. On remand, the district court properly assessed the $50,000 to the Child Pornography Victims Reserve Fund pursuant to 18 U.S.C. § 2259A.

Miller has waived oral argument to this Court. The United States concurs that oral argument is not necessary to address the issues submitted in this case. If this Court believes oral argument is necessary, the United States recommends 10 minutes of oral argument.

# TABLE OF CONTENTS

SUMMARY AND STATEMENT REGARDING ORAL ARGUMENT ...............i

TABLE OF CONTENTS......................................................................... ii

TABLE OF AUTHORITIES .................................................................. iii

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF THE ISSUES.............................................................2

STATEMENT OF THE CASE .................................................................3

SUMMARY OF THE ARGUMENT .......................................................8

ARGUMENT ............................................................................................9

      I.     On remand, the district court properly ordered Miller to pay
           a $50,000 assessment pursuant to Title 18, United States Code,
           Section 2250A (AVAA).......................................................9

CONCLUSION......................................................................................19

CERTIFICATE OF FILING AND SERVICE .....................................20

CERTIFICATION OF VIRUS SCAN ................................................21

CERTIFICATE OF COMPLIANCE...................................................22

ii

# TABLE OF AUTHORITIES

Cases

*Bethea v. Levi Strauss & Co.*, 916 F.2d 453 (8th Cir. 1990)....................................9

*In re Sanford Fork & Tool Co.*, 160 U.S. 247 (1895) ...............................................9

*Lexecon Inc. v. Milberg, Wiess, Bershad, Hynes & Lerach*,
    118 Sup. Ct., 956 (1998) .....................................................................13

*United States v. Behler*, 100 F.3d 632 (8th Cir. 1996) ...........................................10

*United States v. Behler*, 187 F.3d 772 (8th Cir. 1999) .............................................9

*United States v. Feemster*, 572 F.3d 455 (8th Cir. 2009) .......................................10

*United States v. Madrid*, 978 F.3d 201 (5th Cir. 2020) ....................................14, 15

*United States v. Marquez*, 941 F. 2d 60 (2d Cir. 1991) ..........................................17

*United States v. Miller*, 23 F.4th 817 (8th Cir. 2022).....................................7, 8, 11

*United States v. Moody*, 930 F.3d 991 (8th Cir. 2019)...........................................10

*United States v. Smith*, 983 F.3d 1006 (8th Cir. 2020)...........................................10

Statutes

18 U.S.C. § 3014....................................................................................16

18 U.S.C. § 3014(a) ...............................................................................17

18 U.S.C. § 2259 ................................................................. 8, 11, 12, 16

18 U.S.C. § 2259A .................................................................... 14, 15

18 U.S.C. § 2250A ...................................................................................9

iii

18 U.S.C. § 3553(a)(2)(B) ........................................................18

Rules

Fed. R. App. P. 32(a)(7)(B) ......................................................21

Fed. R. App. P. 32(f) ...............................................................21

iv

## JURISDICTIONAL STATEMENT

Miller filed his second notice of appeal on May 3, 2022, from the amended judgment and sentence imposed by the Honorable Richard G. Kopf, Senior United States District Judge on April 26, 2022. The case below was filed at 4:19CR3126.

Federal jurisdiction over the subject matter of the case exists pursuant to 18 U.S.C. §§ 2251(a) and 2251(e).

This Court has jurisdiction over Miller's appeal pursuant to 28 U.S.C. § 1291 providing jurisdiction over an appeal from a final order and pursuant to 18 U.S.C. § 3742 providing for review of a federal sentence.

Appellate Case: 22-1947   Page: 6   Date Filed: 08/02/2022 Entry ID: 5183193

# <u>STATEMENT OF THE ISSUES</u>

I.    Whether on remand the district court properly ordered Miller to pay a $50,000 assessment pursuant to Title 18, United States Code, Section 2250A.

*Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990)
*United States v. Behler*, 187 F.3d 772, 776 (8th Cir. 1999)
*United States v. Madrid*, 978 F.3d 201, 206 (5th Cir. 2020)
*United States v. Marquez*, 941 F. 2d 60 (2d Cir. 1991)

Appellate Case: 22-1947    Page: 7    Date Filed: 08/02/2022 Entry ID: 5183193

# STATEMENT OF THE CASE

Titus Miller, hereinafter "Miller," was indicted by the grand jury for the District of Nebraska in a seven-count indictment charging five counts of production of child pornography, in violation of Title 18 United States Code, Section 2251(a), and two counts of distribution of child pornography, in violation of Title 18 United States Code, Section 2252A(a)(2). (R. Doc. 13). The charges stem from an investigation that began following the execution of a search warrant in Alabama. The target of the Alabama investigation admitted he had been exchanging images and videos of child pornography with an individual, later identified as Miller, via Telegram, an Internet-based messaging application. (Presentence Investigation Report, hereinafter: PSR, p.7).

A review of the Alabama target's Telegram account revealed that on October 15, 2019, Miller distributed a video of Miller engaging in sexually explicit conduct with a minor male victim less than 10-years-old. That video was later recovered from Miller's phone during the execution of a search warrant at Miller's residence on October 22, 2019. (PSR, p.7). FBI agents covertly assumed the identity of the Alabama subject and communicated directly with Miller via text messaging. On October 22, 2019, Miller sent the undercover FBI agent four additional videos depicting prepubescent males engaging in sexually explicit

3

conduct. These videos were also recovered from Miller's phone by law enforcement during the search of Miller's residence. (PSR, p.7).

The nature of the crimes charged against Miller can only be described as horrific. Miller worked as a night shift supervisor at Playful Painters Daycare in Lincoln, Nebraska. He produced videos at the day care while he had custody, care, and supervisory control over the minor victims. Miller would move the minors to an area hidden from the daycare's security cameras. Miller would then video graphic sexual activity between him and the respective minor victim, including actual and simulated oral and anal penetration, masturbation, and lascivious exhibition of the genital area. In all, 17 videos were recovered depicting five minor victims. (PSR, p.8, Attachment A). The videos were produced using a Samsung Smart phone and SanDisk media storage card. The age of the victims ranged from four to six years old. (PSR, p. 7-8). The presentence report also contained excerpts from chat logs between Miller and the Alabama subject discussing the sexual assault of prepubescent minors by Miller. (PSR, p.10, Attachment B).

In addition to the production of the videos referenced in counts one through five, forensic analysis of the telephone and computer equipment seized at Miller's residence revealed an additional 2932 graphic image files and 566 video files

4

containing child pornography. These included depictions of prepubescent minors engaging in sexually explicit conduct as defined by federal law. (PSR, p.8).

On July 15, 2020, Miller appeared before the magistrate judge and entered a plea of guilty to counts one through five of the indictment, each count charging production of child pornography. The parties presented a plea agreement to the court which outlined the agreement between the United States and Miller. (R. Doc. 46). The plea agreement set forth the penalties which could be imposed against Miller, on each count, including a maximum 30 years imprisonment, pursuant to Title 18, United States Code, § 2251, and a maximum special assessment of $50,000, pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, codified in Title 18, United States Code, § 2259A (AVAA). (R. Doc. 46, p. 4 – 6).

Miller was sentenced on October 15, 2020. The district court initially asked the government to explain the contents of the plea agreement. (Sentencing Transcript (Sent. TR.), p. 2-3). The district court noted the plea agreement did not contain an agreement as to the length of imprisonment, the period of supervised release, or assessments which may be imposed on Miller. (Sent. TR., p. 3). Defense counsel was asked whether the government's summary of the plea agreement was correct and answered that it was. (Sent. TR., p. 3).

5

After citing the maximum term of imprisonment, the district court next dealt with the issue of assessments to be imposed against Miller. The district court noted the "AVAA assessment is mandatory. The JVTA assessment may be waived if the defendant is indigent." (Sent. TR., p. 7). The district court then asked counsel, "have I accurately stated the correct statutory guideline range – – statutory range – – guideline range and assessment provisions for this case?" (Sent. TR., p. 7). Counsel for the government and Miller agreed that the district court accurately stated the provisions. (Sent. TR., p. 7).

The district court engaged in a lengthy colloquy with government and defense counsel during allocution regarding the length of the sentence that should be imposed upon Miller. The district court questioned both attorneys about the reasonableness of a lengthy sentence. After counsel presented their arguments, Miller was given the chance to speak. (Sent. TR., p. 33-34). After Miller provided a statement to the court, the district court imposed the following sentence:

> THE COURT: To reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence, to protect the public against further offenses of the offender and more generally to satisfy the statutory goals of sentence – – sentencing, I now impose the following sentence:
> For each count, Counts I through V, I impose a sentence of 240 months to run consecutively. I impose a lifetime of supervision. I do not impose a fine because the defendant couldn't pay one. I do require that he pay the $500 mandatory special assessment.
> I waive the JVTA assessment because it cannot – – because the defendant couldn't possibly pay it and will never be able to pay it.

6

I do impose the AVAA assessment in the total sum of $50,000 to be divided equally among the victims of the five counts of conviction.

(Sent. TR., p. 34).

Miller questioned the $50,000 assessment pursuant to the AVAA. (R. Doc. 36). Miller argued the AVAA assessment should not be imposed because since Miller was found indigent under the JVTA assessment by the district court. The district court stated indicated that it found the AVAA assessment to be mandatory, although acknowledging it could have imposed an assessment lower than $50,000. (Sent. TR., p. 36-37). Miller asked for no further elaboration of the district court's reasoning on this issue. (Sent. TR., p. 37). The judgment and commitment order correctly details the sentence imposed by the district court. (R. Doc. 61). Miller filed his notice of appeal on October 28, 2020. (R. Doc. 68).

On Miller's first appeal, this Court found the appeal waiver contained in the plea agreement "was valid and precludes Miller's appeal of his term of imprisonment." *United States v. Miller*, 23 F.4th 817, 819 (8th Cir. 2022). However, this Court stated, "[b]ecause there was and continues to be confusion about the $50,000 assessment, this court reverses and remands for clarification." *Id.* This Court was clear in its request to the district court. "This court reverses and remands to the district court to enter an amended judgment specifying whether all $50,000 shall be awarded as an assessment to the Child Pornography Victims

7

Reserve, or whether some part shall be awarded as an assessment to the Reserve and some shall be awarded as restitution under 18 U.S.C. § 2259 to the victims." *United States v. Miller*, 23 F.4th 817, 820 (8th Cir. 2022).

On April 26, 2022, the district court resentenced Miller. Miller again objected to the assessment. The district court overruled the objection in imposing sentence. The district court found "in response to the partial remand order, under the Criminal Monetary Penalties, I've changed the judgement. The material changes are that the assessment remains the same at – at $500, no restitution, no fine, no – JVTA assessment waived due to indigent, … and I assess a[n] AVAA assessment of $50,000 to be paid by the defendant, and I so order." (Resentencing Transcript (R. Sent. TR.), p. 6). The district court filed an Amended Judgement reflecting the $50,000 assessment under the AVAA. (R. Doc. 88). The district court did not order specific restitution to the victims. Miller filed his notice of appeal on May 3, 2022. (R. Doc. 90).

## SUMMARY OF THE ARGUMENT

Miller's argument on his second appeal is meritless. This Court provided the district court with a clear directive on resentencing; specify whether the $50,000 should be awarded under the AVAA or split between the AVAA and specific restitution for the victims. The district court, pursuant to the remand of this Court, specified that the $50,000 was assessed under the AVAA. The district

8

court provided a clear reason for the assessment and considered proper sentencing factors in imposing the assessment. The district court correctly considered § 3553(a) factors in imposing an AVAA assessment in this case. The district court's amended judgment on remand should be affirmed by this Court.

## **ARGUMENT**

## I. **On remand, the district court properly ordered Miller to pay a $50,000 assessment pursuant to Title 18 U.S.C. Section 2250A (AVAA).**

### A. **Standard of Review**

"On remand, a district court is bound to obey strictly an appellate mandate." *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990), (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)). "If the district court fails to comply with an appellate mandate, the appellate court has authority to review the district court's actions and order it to comply with the original mandate." *Id.* "The resentencing court may not disregard the scope of any limitations imposed by the appellate court." *United States v. Behler*, 187 F.3d 772, 776 (8th Cir. 1999). "If there are no explicit or implicit instructions to hold further proceedings, a district court has no authority to re-examine an issue settled by a higher court." *Bethea v. Levi Strauss & Co.*, 916 F.2d at 456. "On remand, however, ['all issues decided by the appellate court become the law of the case,['][citation omitted], and the sentencing court is bound to proceed within the scope of ['any limitations

imposed on its function at resentencing by the appellate court.[']" *United States v. Behler*, 100 F.3d 632, 635 (8th Cir. 1996).

"In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the [G]uidelines de novo." *United States v. Smith*, 983 F.3d 1006, 1008 (8th Cir. 2020). "'Procedural error' includes 'failing to calculate (or improperly calculating) the guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.'" *Id*., quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009). "[If] we find that significant procedural error occurred, we must reverse unless the error was harmless." *Id*., quoting *United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019).

**B. Argument**

Miller argues the district court committed procedural error at the resentencing when it imposed a $50,000 special assessment pursuant to the AVAA in the amended judgment. Miller further argues the district court did not follow the mandate of this Court or the language of § 2259A in ordering the assessment as part of his sentence. Miller's arguments are without merit and should be rejected by this Court.

10

The mandate issued by this Court was clear. "This court reverses and remands to the district court to enter an amended judgment specifying whether all $50,000 shall be awarded as an assessment to the Child Pornography Victims Reserve, or whether some part shall be awarded as an assessment to the Reserve and some shall be awarded as restitution under 18 U.S.C. § 2259 to the victims." *United States v. Miller*, 23 F.4th 817 at 820.

Miller argues the district court did not "clarify" but instead changed his sentence. Miller's recitation of the remand of this Court is simply incorrect. Miller argues the mandate only allowed the district court to "specify whether the $25,000 portion the court said was an assessment payable to victims was intended as restitution or an assessment." (Appellant's Brief at p. 10). That is simply not the mandate from this Court. The district court had imposed a $50,000 assessment under the AVAA at the initial sentencing. This Court recognized that the district court's phrasing of how the assessment could be obtained by the victims created confusion in the Judgment. This Court asked the district court to specify whether the entire $50,000 was to be an assessment under the AVAA or awarded in part as restitution pursuant to 18 U.S.C. § 2259. At resentencing, the district court did precisely what this Court mandated. The district court entered an amended judgment imposing a $50,000 assessment under the AVAA. The district court did

11

not exceed the scope of the mandate and appropriately complied with the order of this Court. The amended judgment should be affirmed.

Miller further argues that statements made prior to the resentencing show the district court intended for victims to receive payments. This argument has no relevance to the district court's resentencing order and is equally without merit. This Court acknowledged the district court's language as to how victims could obtain recovery for any losses was confusing. The Judgment of the district court could be read as either a statement of restitution or an assessment under the AVAA. Thus, the confusion rested on how the district court viewed the $50,000. Was it an assessment under the AVAA or a partial restitution award to the victims? That was the clarification which this Court requested from the district court. At resentencing, the district court acknowledged the confusion in the earlier statements by stating, "I assess a[n] AVAA assessment of $50,000 to be paid by the defendant." (R. Sent. TR., p. 6). The question posed by this Court on remand was answered. The amended judgment should be affirmed.

Miller also argues the district court did not comply with the requirements of the AVAA in ordering a $50,000 assessment in the amended judgment. Essentially, Miller regurgitates the arguments he presented to this Court in his original appeal. This Court rejected his arguments at that time. Miller's arguments

12

fall outside of the mandate given by this Court in the remand order. The amended judgement should be affirmed.

Miller continues to mischaracterize the district court's sentence in arguing the district court failed to provide a reason for "doubling the assessment on remand." This Court's remand was to clarify the confusion from the district court's language when it imposed a $50,000 assessment under the AVAA. There is no doubling of the assessment amount on remand. The assessment amount was the same as the district court imposed at the initial sentencing. The only issue subject to the mandate was whether the district court awarded the entire $50,000 as an assessment to the Child Pornography Victims Fund or only a portion. The district court clarified this by plainly assessing the entire $50,000 pursuant to the AVAA and not as restitution under § 2259. Miller's attempt to rewrite the mandate should be rejected.

Miller argues, contrary to the statute, that the assessment pursuant to the AVAA is not mandatory. This is incorrect. § 2259A states in pertinent part, "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law, the court **shall** assess – – … not more than $50,000 on any person convicted of a child pornography production offense." Title 18, U.S.C. § 2259A. (Emphasis added). The use of the term "shall assess" "normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg, Wiess,*

Appellate Case: 22-1947    Page: 18    Date Filed: 08/02/2022 Entry ID: 5183193

*Bershad, Hynes & Lerach*, 118 Sup. Ct., 956, 962 (1998). "The special assessment at issue in this appeal is required by 18 U.S.C. § 2259A …" *United States v. Madrid*, 978 F.3d 201, 206 (5th Cir. 2020). Miller's argument is incorrect.

During the sentencing hearing, the district court stated, "because this is a production crime, I may impose an assessment of not more than $50,000 and I under – – – well, I need the assistance of counsel the maximum I can impose is 50 – – $50,000 for all the counts. Do you agree." (Sent. TR., p. 8). Initially, the United States indicated the assessment was per count and not per individual. (Sent. TR., p. 8). Defense counsel stated the sentencing recommendation of the probation office was correct, and the assessment was not more than $50,000 per person convicted of a production offense. (Sent. TR., p. 8). The United States agreed with defense counsel, stating, "I think [defense counsel'] correct, Your Honor. We just checked the statute, and it is $50,000 for the person." (Sent. TR., p. 8 – 9). The district court then noted, "which means the maximum is $50,000. Okay." (Sent. TR., p. 9). The district court was not confused about the mandatory nature of the AVAA or the maximum that could have been assessed.

The district court also made clear it understood it could have imposed a reduced AVAA assessment against Miller. The district court noted, "I could have imposed a lesser sentence, but I chose not to – – a lesser assessment, rather." (Sent. TR., p. 37).

14

Miller argues the district court committed procedural error in stating the AVAA assessment was to be divided equally among the specific victims of the counts of conviction. As the district court noted in its memorandum and order of November 2, 2020, "I imposed the $50,000 AVAA (18 U.S.C. § 2259A) assessment intentionally (a) to provide each of the 5 children with $5000 each (to the extent possible) and (b) the balance to be paid into the fund for the benefit of other children." (R. Doc. 70, p. 1). The use of the term "to the extent possible" referenced the fact that the victim families would have to go through the procedure set forth in the AVAA, including the Child Pornography Victim Reserve, to obtain monetary assistance from the Reserve. *See*, Title 18, United States Code, § 2259(d). The district court's language was not legally incorrect. "A monetary penalty under the AVAA is separate and distinct from restitution, and a special assessment under 18 U.S.C. § 2259 does not require identification of a victim or proof of losses." *Madrid*, 978 F.2d at 205.

This was precisely the confusion this Court wanted the district court to address. The district court did so in stating the $50,000 was only being assessed under the AVAA. (R. Doc. 88, p. 6). The district court applied the proper assessment. That assessment was not above the maximum statutory limit. The district court's amended judgement was legally accurate and should be affirmed.

15

Miller further argues the district court committed procedural error in failing to reduce the AVAA assessment due to his inability to pay. Miller argues the district court should have applied the same reasoning in ordering the AVAA assessment which it used in denying an assessment under Title 18, U.S.C. § 3014, known as the Justice for Victims of Trafficking Act of 2015 (JVTA). Miller's arguments are misplaced and should be rejected by this Court.

The United States notes initially that this argument exceeds the mandate issued by this Court. This Court did not ask the district court to reanalyze how it came to the determination of a $50,000 assessment in this case. The mandate required the district court to clarify how the $50,000 was to be assessed; under the AVAA, or a portion under § 2259. Miller wants to relitigate whether the Court should have imposed an assessment under § 2259A. Such an argument exceeds the scope of the mandate and should be rejected.

Even if this Court reviews the district court's determination apart from the remand order, the $50,000 assessment under the AVAA is appropriate. Miller's argument that Miller's ability to pay be given greater weight by the district court is incorrect. § 2259A(c) states, "[i]n determining the amount of the assessment under subsection (a), the court shall consider the factors set forth in sections 3553 (a) and 3572." Miller concentrates his argument on section 3572. However, there is no evidence in the record that the district court failed to consider Miller's financial

16

circumstances in ordering the AVAA assessment.  The district court examined Miller's financial condition in refusing to impose a fine or an assessment under the JVTA.  The JVTA specifically states, "the court shall assess an amount of $5000 on any non—indigent person or entity convicted of an offense …"  18 U.S.C. § 3014(a).  The AVAA has no specific non-indigency requirement. § 2259A (c) does not mandate that the district court consider only defendant's financial condition and ability to pay. § 2259A(c) "requires the court only to "consider" these factors, and imposes no separate requirement that this consideration be articulated." *United States v. Marquez*, 941 F. 2d 60, 65 (2d Cir. 1991).  Miller's assertion that the district court failed to consider the factors set forth in § 2259A(c) is both factually and legally inaccurate.  The district court's assessment pursuant to the AVAA should be affirmed.

It is also clear the district court addressed the assessment in its relation to the § 3553(a) factors.  The district court noted both the original sentence and the amended judgement, including the AVAA assessment, was imposed, "[t]o reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence, to protect the public against further defenses of the offender and were generally to satisfy the statutory goals of sentencing. . ." (Sent. TR., p. 34). In addressing an argument made by Miller in the original sentencing, the district court noted the assessment was chosen "not so much for

this defendant but for other defendants in similar such circumstances who are involved in childcare cases." (Sent. TR., p. 37). Such a statement refers to the need to "afford adequate deterrence to criminal conduct …" Title 18, U.S.C. § 3553(a)(2)(B). The district court may consider under the AVAA other sentencing factors described in § 3553, including the nature and circumstances of Miller's criminal actions, and general and specific deterrence. Here, it is apparent the district court imposed a monetary penalty to punish Miller and hopefully allow the victims to claim monetary assistance from the Reserve Fund. The assessment imposed on remand was within the statutory maximum. The assessment imposed by the district court on remand should be affirmed.

Appellate Case: 22-1947    Page: 23    Date Filed: 08/02/2022 Entry ID: 5183193

## <u>CONCLUSION</u>

For the reasons stated herein, United States respectfully request this Court to affirm the sentence imposed on remand by the district court against Miller.

Respectfully submitted,

UNITED STATES OF AMERICA

STEVEN A. RUSSELL
Acting United States Attorney
District of Nebraska

By:     s/ *Steven A. Russell*
STEVEN A. RUSSELL #16925
Assistant United States Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, NE 68508
(402) 437-5241
Email: steve.russell@usdoj.gov

19

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 2, 2022, the foregoing was electronically filed with the Clerk of the Court for the Eighth Circuit Court of Appeals using the CM/ECF system. A paper copy will be served on participants in this case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief has been reviewed and filed.

I hereby certify that a copy of the Government's brief was mailed on _____, 2022, to:

David R. Stickman, Federal Public Defender
222 South 15th Street
Suite 300 North
Omaha, NE

    s/ *Steven A. Russell*
STEVEN A. RUSSELL #16925
Assistant United States Attorney


## CERTIFICATION OF VIRUS SCAN

Pursuant to Rule 28A(h)(2) of the Eighth Circuit Rules of Appellate Procedure, I hereby certify the full text of the Appellee's Brief has been scanned for viruses using McAfee Endpoint Security, and is virus-free. The brief was created using Microsoft Office 365 Pro Plus.

Dated: August 2, 2022.

    s/ *Steven A. Russell*
STEVEN A. RUSSELL #16925
Assistant United States Attorney

Appellate Case: 22-1947    Page: 25    Date Filed: 08/02/2022 Entry ID: 5183193

## <u>CERTIFICATION OF COMPLIANCE</u>

This brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and relying on the word processor word count feature, this document contains 3,909 words. This brief was created using Microsoft Office 365 Pro Plus, Times New Roman 14 font.

Dated:  August 2, 2022.

   _s/ *Steven A. Russell*_
STEVEN A. RUSSELL #16925
Assistant United States Attorney

Appellate Case: 22-1947     Page: 26     Date Filed: 08/02/2022 Entry ID: 5183193